33835. CARLYLE *v.* THE STATE.

Decided January 16, 1952.

*W. L. Nix*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first four special grounds complain that the court erred in asking specified questions directly of certain witnesses on the ground that he thereby expressed or intimated an opinion as to the guilt of the accused. Counsel for the defendant did not interfere with this questioning except on one occasion, when the court

said to the only witness testifying to seeing an automobile run over the boy, "I thought you said they traveled some five or six hundred feet backwards," whereupon counsel reminded the court that the witness had not said that. The court then said, "I will change that and ask you again. When they traveled this four hundred and fifty feet, you didn't try to stop them?" to which the defendant replied, "No, sir." The court then said to counsel, "Any objections to that question?" to which counsel replied, "No, sir." No objections were made to any other questions asked by the court. "Where on the trial the court propounded certain questions to a witness, which examination it is insisted was conducted in such manner as to prejudice the rights of plaintiff in error, such action on the part of the court will not cause a reversal in the absence of any objection having been raised thereto at the time." *Pulliam* v. *State*, 196 *Ga.* 782 (28 S. E. 2d, 139). No objections to the questions having been made in the trial court, these grounds of the amended motion for a new trial are without merit.

■ Special ground 5 contends that the court erred as follows: Counsel for the State was permitted to ask a witness for the defendant, over objection, the question, "Are you the same James Burnett who was tried or pleaded guilty in this court for making liquor?"

The prosecutor testified that the defendants had obtained liquor on the night in question from one Harold Burnett. James Burnett testified on cross-examination as follows: "Harold Burnett is my first cousin. . . I was charged here in this court with possessing liquor. I did accuse McKnight of turning me up in that liquor case, and McKnight is Mrs. Criswell's brother" (in other words, the uncle of the prosecutor).

Special ground 6 assigns error on the court's charge as to the above testimony that this could not be considered as impeaching the witness, since it did not involve moral turpitude, but "it was offered so you may consider whether said witness had any interest in this case, and not for impeachment."

Great latitude is allowed in cross-examination where the purpose of the interrogation is to discredit a witness by showing bias or interest .on his part. *Griffin* v. *State*, 18 *Ga. App.* 462 (2) (89 S. E. 537) ; *Smith* v. *State*, 161 *Ga.* 421 (131 S. E. 163). It

■

is admissible to draw from the witness that he entertains enmity or malice toward another person, even one not a party to the ease on trial, if the relationship between such person and the person on trial be close enough to raise an inference that the witness was testifying from enmity or malice. *Glover* v. *State,* 15 *Ga. App.* 44, 54 (82 S. E. 602). And, on a trial for manslaughter, it was held not error for the defendant to ask the State's witness, on cross-examination, whether the prosecutor was not on his bond in the gambling case, the purpose being to show bias. Although the proper procedure here would have been for counsel to first inquire as to the state of the witness's feelings toward the persons involved, rather than to enter into specific inquiry as to the transactions between them, the objection to the evidence was not put on this ground and we do not believe, in view of the court's specific charge that the offense mentioned did not involve moral turpitude and could not be considered as impeaching in character, that the admission of this testimony constitutes such harmful error as to require a reversal.

■ Complaint is made in special ground 7 of the charge that "in order to convict you must believe the defendants are guilty of assault and battery in the County of Walton," on the ground that the court should have charged that the jury must believe this beyond a reasonable doubt. While it is true that the venue must be established beyond a reasonable doubt (*Murphy* v. *State,* 121 *Ga.* 142, 48 S. E. 909) slight evidence may be sufficient where there is no conflicting evidence (*Baker* v. *State,* 55 *Ga. App.* 159, 189 S. E. 364). The evidence here clearly established that the second beating, as contended by the prosecutor, took place in Walton County. Examination of the charge shows that the court eleven times used the phrase "beyond a reasonable doubt" in describing the degree of conviction which the jury must possess in order to find the defendant guilty of the crime. Where this principle of law is fully charged, it is not error to charge on venue in the language used here, no request for more specific instructions having been presented. *Haden* v. *State,* 176 *Ga.* 304, 312 (supra).

■ The verdict was authorized by the evidence and, having the approval of the trial court, it will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*