## 30812. BRYANT v. THE STATE.

Hall, Justice.

Bryant was convicted by a jury of rape and kidnapping with sentences of twenty and ten years to run concurrently. He appeals.

1. Bryant contends the trial court improperly overruled his motion to dismiss on the ground he had been denied a speedy trial.

"In speedy trial decisions, the [United States Supreme] Court has emphasized that the denial of speedy trial may work to a defendant's advantage, and therefore there is no per se prejudice to a defendant from delay, nor is there any specific number of days or months within which he must be tried. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101). Factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of the right, and actual prejudice to the defendant. Id."*Harris v. Hopper,* 236 Ga. 389, 390 (1976). See also *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839) (1975); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760) (1975). A showing of prejudice to the defense at trial is not essential to establish a federal speedy trial claim. Moore

v. Arizona, 414 U. S. 25 (1973). The four Barker factors "have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." Barker, supra, at 533.

Bryant and others were indicted on January 22, 1971. Two co-defendants entered pleas of guilty in June 1971. A third was tried and convicted but did not appeal. Appellant's brother was tried, convicted and his conviction was affirmed on appeal. *Bryant v. State,* 229 Ga. 60 (189 SE2d 435) (1972). The appellant remained at large, within the jurisdiction, until he was apprehended on January 7, 1975. When arrested by a member of the police Fugitive Squad, Bryant was using a false identification. He fought the arresting officer, ran and was caught. After being apprehended, he stated that the reason he ran was that he knew he was wanted. He pled not guilty and the trial began on March 24, 1975. On the question of a speedy trial, the state stipulated that the appellant was present in the jurisdiction, working, during the four years. Appellant conceded he had never asserted his right to a speedy trial and could not articulate any specific prejudice to his defense from the delay.

After hearing evidence on the motion, the trial judge reserved his ruling until after the trial. Appellant's counsel agreed to the postponement of the ruling. At the end of the trial, the trial court denied the motion. We find no error.

2. The trial court did not err by allowing the prosecuting attorney to cross examine the character witness, who had previously testified on direct examination to Bryant's good character, by inquiring into the witness' knowledge of Bryant's prior drug arrest. *Ozburn v. State,* 87 Ga. 173, 180 (13 SE 247) (1891); *Upton v. State,* 128 Ga. App. 547, 551 (197 SE2d 478) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1976 — DECIDED MARCH 11, 1976.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney*

*General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.