## 52775. BARRETT v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for murder, convicted of voluntary manslaughter and sentenced to 12 years in prison. Defendant appeals. *Held:*

1. Defendant's first enumeration of error states that the court erred by exceeding its authority to question witnesses, thereby altering the importance or effect of such testimony. The defendant having failed to object to the inquiries of the court at the time of the trial may not raise the issue for the first time upon appeal. *Carlyle v. State,* 85 Ga. App. 223 (1) (68 SE2d 605); *Cline v. State,* 49 Ga. App. 16 (2) (174 SE 194). Motions for mistrial should have been made, and these issues called to the court's attention for correction, if needed, or to grant the motions.

2. Upon direct examination the defendant testified that he had never before been charged with a felony. On cross examination defendant stated that he had misunderstood the question asked on direct and that he had previously been indicted for felonies three times. Defendant argues that the court erred in then allowing the district attorney, for purposes of impeachment, to inquire as to the nature of the prior felony charges.

"A witness may be impeached by disproving the facts testified to by him." Code § 38-1802. In *Stack v. State,* 234

Ga. 19, 25 (214 SE2d 514), the Supreme Court held there was no error in allowing the district attorney to present evidence of a prior killing by defendant for the purpose of impeaching the testimony of the defendant that he had never killed anyone in his whole life. See also *Bryan v. State,* 137 Ga. App. 169, 172 (223 SE2d 219).

Here the evidence as to the prior indictments against the defendant was received for purposes of impeachment only. The defendant having "opened the door" to this area of inquiry, there was no error in allowing the state to properly attempt to impeach his testimony.

3. There was no error in allowing the state on cross examination of defendant's character witness to inquire as to the witness' knowledge of defendant's prior acts of violence. *Bryant v. State,* 236 Ga. 495, 496 (2) (224 SE2d 369) and cits.

4. Defendant contends that a witness, who has known the deceased for several years, should be allowed to testify as to the poor character of the deceased for turbulence and violence on the basis of her knowledge of the deceased. Cited as authority are *Turner v. State,* 70 Ga. 765, 766 (4), and *Hodgkins v. State,* 89 Ga. 761 (1) (15 SE 695), but these cases are not applicable, as they deal with the evidence of a reputation for good character which arises when a long time acquaintance of a person has not heard anyone attacking the character of that person.

"As a general rule, the character of a murder victim is irrelevant and inadmissible in the murder trial. See Code § 38-202. . .Proof of violent and turbulent character of the deceased becomes admissible when it is shown prima facie that the deceased was the assailant, that the accused had been assailed, and that the accused was honestly seeking to defend himself." *Henderson v. State,* 234 Ga. 827, 828 (218 SE2d 612). It is well settled in Georgia that the general character of the deceased for violence will, as to the party making the attack, be confined to the reputation which the deceased had in the community and will not extend to specific acts. *Powell v. State,* 101 Ga. 9 (1) (29 SE 309); *Ivey v. State,* 42 Ga. App. 357 (2) (156 SE 290); *Jefferson v. State,* 56 Ga. App. 383 (5) (192 SE 644).

Reputation of a person is the kind of person other

people say he is. *Columbus & R. R. Co. v. Christian,* 97 Ga. 56 (3) (25 SE 411); *Anderson v. State,* 72 Ga. App. 487, 489 (34 SE2d 110); *Clark v. State,* 52 Ga. App. 254 (183 SE 92). Here, the witness' testimony as to deceased's reputation for violence and turbulence in the community was shown on cross examination to have been based on her own knowledge of deceased. The witness' testimony, having been predicated upon her own knowledge and opinion rather than what other members of the community said about deceased, was properly stricken from the record.

5. The evidence adduced upon the trial shows that defendant had been drinking alcoholic beverages prior to the slaying. It was established that deceased and defendant had confronted each other with knives, but that defendant had apologized and bought deceased a beer.

About ten minutes later defendant was sitting at a table when deceased walked over, stated to defendant that he wished to speak to him, and slapped defendant in the face. Defendant then stood up and fatally stabbed deceased.

Defendant testified that when he was struck in the face by deceased he saw a bright light and had no recollection of what happened between that time and after the stabbing when bystanders asked him if he was okay.

Here the defendant admits the homicide and sets forth as his defense the contention that he acted under the fears of a reasonable man that deceased was about to inflict a felony upon his person by surprise and violence. In such cases it is for the jury to decide whether the circumstances were sufficient to justify such fears. *Carter v. State,* 232 Ga. 654 (1) (208 SE2d 474).

6. No other enumerations having been argued, the case is affirmed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 12, 1976 — Decided November 3, 1976.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellant.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.