### 74549. RODRIGUEZ v. THE STATE.
(363 SE2d 23)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in cocaine and of violation of the Georgia Controlled Substances Act (possession of more than one ounce of marijuana). This appeal followed the denial of this motion for new trial. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in failing to declare a mistrial after the State's attorney, during his opening statement, referred to information given to a police officer by a confidential informant that defendant, "at his home, . . . had been trafficking in cocaine." In his brief, defendant argues that the State's attorney was aware that this comment "would not and could not" be supported by competent evidence at trial and that the trial court's curative "instructions could not have removed the taint from the minds of the jury." In response, the State argues that "[t]he statement by the [assistant] district attorney did not cause irreparable harm and the court's curative instructions were sufficient to remove any taint from the jurors' minds."

In response to defense counsel's objection and motion for mistrial during the State's opening statement, the assistant district attorney offered no evidentiary basis for his conclusion. Instead, he argued that "the jury has a right to know the information the police officer received in getting the search warrant . . ."[1] Rejecting this argument and recognizing the potential harm injected by the assistant district attorney's comment, the trial court instructed the jury as follows: "Ladies and gentlemen of the jury, statements made by the district attorney in his opening remarks to explain the basis of the issuance of the search warrant, whether that statement was true or not would be

---

[1] From an examination of the record, it appears the assistant district attorney was relying on information contained in a police officer's affidavit which was prepared and executed to obtain a search warrant for defendant's home. The affidavit was based on information derived from a confidential informant. While such an affidavit is useful in obtaining a search warrant, its introduction into evidence at trial has been held to be reversible error where the informant does not testify at trial. *Reed v. State*, 150 Ga. App. 312, 314 (2) (257 SE2d 380).

a matter to determine only if the person who made it was present in court. That person will not be present in court to my knowledge. It would be hearsay evidence and you cannot use it as part of your deliberations in this case. You would consider it only as the basis of the issuance of the warrant, not as evidence in the case, the fact that it actually did happen. It is tendered just so, why the officers acted as they did, that and nothing more."

We have examined the entire trial transcript and record and we find no evidence to support the assistant district attorney's comment made during opening statement. "The only legitimate purpose of an opening statement is so to explain to the jury the issue they are to try that they may understand the bearing of the evidence to be introduced. There is no occasion and no excuse for attempting to influence the jury in advance by improper statements as to evidence which counsel knows he cannot prove or will not be permitted to introduce. It has often been stated that it is the duty of a prosecuting attorney to see that justice is done and nothing more. That duty should not be forgotten in an excess of zeal or the eager quest for victory in his case. The people of the state desire merely to ascertain beyond a reasonable doubt that the accused is guilty of the crime charged, and do not countenance any unfairness upon the part of their representatives in court." *Lickliter v. Commonwealth*, 249 Ky. 95, 100 (60 SW2d 355, 357).

In the case sub judice, we are satisfied that the trial judge did all he could, short of granting defendant's motion for mistrial, to remove the prejudice precipitated by the assistant district attorney's unsubstantiated opening comment. However, we are not satisfied that the "poison of prejudice with which the minds of the jury had been inoculated in the beginning of the trial could not be and was not altogether removed." *Lickliter v. Commonwealth*, 249 Ky. 95, 100, supra. See *Pilcher v. State*, 91 Ga. App. 428, 430 (1, c) (85 SE2d 618); *Hall v. State*, 138 Ga. App. 20 (1) (225 SE2d 705). Compare *Jacobs v. State*, 137 Ga. App. 592, 594 (3) (224 SE2d 462). Nevertheless, in the case sub judice, assuming, without deciding, that the trial court's instructions to the jury were not sufficient, the evidence against defendant was overwhelming. More specifically, law enforcement officers found in defendant's home a variety of drug related paraphernalia, 61.3 grams of pure cocaine, 85.7 grams of marijuana and a substantial amount of U. S. currency, much of which had been stored with controlled substances in concealed places throughout the house where defendant resided. Defendant was present when the police officers unexpectedly searched his home. Further, defendant admitted to a police officer after his arrest that the drugs found in the house were his. Under these circumstances, "we conclude that it is highly probable that the remark during the State's opening statement . . . did not

contribute to the judgment of conviction in this case. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977); *Lingerfelt v. State*, 238 Ga. 355, 359 (4) (233 SE2d 356) (1977); *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976)." *Blanchard v. State*, 247 Ga. 415, 417 (2) (276 SE2d 593). Consequently, this enumeration of error is without merit. Compare *Daniels v. State*, 58 Ga. App. 599, 604 (3) (199 SE 572), and *Quinn v. State*, 171 Ga. App. 590, 591 (2, a) (320 SE2d 827).

2. In his second enumeration of error, defendant contends "[t]he Trial Court erred in failing to terminate prosecution upon OCGA § 16-13-31 being repealed effective March 28, 1986, and the new statute not being effective until July 1, 1986."

The crime, "trafficking in cocaine," is defined in OCGA § 16-13-31 (a). On March 28, 1986, the legislature approved the repeal of former OCGA § 16-13-31 (a) and approved a new subsection (a) in lieu thereof. This new subsection (a) became effective by operation of law on July 1, 1986. See OCGA § 1-3-4 (a) (1). Defendant contends that former subsection (a) was repealed on the date the legislature approved the new subsection (a), March 28, 1986; thus, creating a "gap," between the repeal of former subsection (a) and the effective date of the new subsection (a), July 1, 1986, during which time it was not a crime in Georgia to traffic in cocaine. From this reasoning, defendant argues that his May 29, 1986, conviction for "trafficking in cocaine" should have been set aside since it was not a crime to traffic in cocaine at that time.

OCGA § 1-3-4 (a) provides, in pertinent part, that "[u]nless a different effective date is specified in an Act . . . [a]ny Act which is approved by the Governor or which becomes law without his approval on or after the first day of January and prior to the first day of July of a calendar year shall become effective on the first day of July . . ."

Georgia Laws 1986, p. 397, §§ 1 and 2, was enacted "[t]o amend Code Section 16-13-31 . . . [and] to repeal conflicting laws . . ." These changes were approved by the Governor on March 28, 1986, but no effective date was specified in the Act. As a result, the entire Act, including the repeal of "[a]ll laws and parts of laws in conflict with [the] Act . . . ," became effective on July 1, 1986. Consequently, there was no "gap" during which time it was not a crime to traffic in cocaine in Georgia. This enumeration of error is without merit.

3. In his third enumeration of error, defendant contends "[t]he Trial Court erred in finding [his] Incriminating Statement and Confession freely and voluntarily given."

After his arrest and while en route to the police station, defendant admitted to Officer Donald R. Wiegand, of the DeKalb County Police Department, that the controlled substances found at defendant's home were his. Before evidence of this admission was introduced, the trial court conducted a hearing in accordance with *Jackson*

*v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). Officer Wiegand testified that, prior to questioning, defendant was advised as to his *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), rights. More specifically, Officer Wiegand testified that he asked defendant whether "he understood [his *Miranda* rights] and did he have any questions about them and [defendant] said that he understood them and no, he had no questions." Officer Wiegand also testified that he did not "threaten [defendant] in any way . . ." or "promise him anything if [defendant] gave a statement . . ." From this and other evidence adduced at the hearing, the trial court found that defendant's statement was "admissible and that [it was] freely and voluntarily given." " '(W)e must accept this factual determination unless it is shown to be clearly erroneous. (Cits.)' *Williams v. State*, 174 Ga. App. 56, 58 (3) (329 SE2d 226)." *Lovell v. State*, 179 Ga. App. 98 (1), 99 (345 SE2d 645). Notwithstanding defendant's contrary assertions in the case sub judice, we do not find the trial court's determination to be "clearly erroneous." See *Mitchell v. State*, 162 Ga. App. 780, 781 (3) (293 SE2d 48). Consequently, the trial court did not err in allowing testimony of defendant's admission at trial.

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in Division 2 and concurs in the judgment only as to Divisions 1 and 3.*

DECIDED OCTOBER 28, 1987 —
REHEARING DENIED NOVEMBER 10, 1987 — 

*William R. Moody, Jr., Lee Sexton*, for appellant.

*Robert E. Wilson, District Attorney, Gregory A. Futch, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.