### 46243. LOPEZ v. THE STATE.
(376 SE2d 673)

HUNT, Justice.

Jose Antonio Lopez was convicted by a jury for the felony murder of Brittany Wardwell, a 4-month-old girl, and sentenced to life imprisonment.[1] He appeals, enumerating as error the general grounds and prosecutorial misconduct.

The defendant occasionally took care of the victim, his girl friend's daughter. After spending the day with his girl friend and the victim, the defendant asked to keep the victim overnight and his girl friend agreed. The next day, in a telephone conversation with his girl friend, the defendant told her he had spanked the victim because she spit up and because her crying "was getting on his nerves." Later that day, emergency medical technicians were called to the defendant's home and the child was taken to a medical center where a neurological surgeon diagnosed her as having diffuse brain injury. The surgeon observed the child could not breathe and had severe bruises on the side of her head, her buttocks and upper back. He also noted the

---

[5] And consistent with *Nelms* and *Hance*.
[1] Brittany Wardwell died on May 14, 1987, following severe abuse by the defendant three days earlier. The defendant was indicted by the Muscogee County Grand Jury on December 1, 1987, of causing the victim's death while in the commission of the felony of cruelty to children, and convicted, following a jury trial, on January 27, 1988. His motion for new trial, filed March 16, 1988, was denied on September 21, 1988, as untimely filed. The defendant's notice of appeal was filed on February 23, 1988. The appeal was docketed here on September 23, 1988, and submitted for decision on November 4, 1988.

pressure inside the child's head was extremely high, that she had been severely beaten, and had "floppy head syndrome," caused by violent shaking. He stated the child's injuries were not consistent with accidental injury. The pathologist who examined the child after she died concluded death was caused by severe trauma to the brain. After he was given *Miranda* warnings, the defendant admitted to police authorities that he had spanked the victim severely in an attempt to stop her from crying, and caused her head to hit the headboard of a bed, squeezed the victim's head, shook her severely, and pushed her jaw and head to try to get her to stop crying. When he noticed she was not responsive, he called relatives who called the emergency medical technicians. His defense at trial was that his two nephews, ages three and five, killed the child by jumping and bouncing on the bed and then on the child.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)(1979).

2. The defendant contends the trial court erred by permitting the state to ask, on cross-examination of two of the defendants' character witnesses, whether they had heard of the defendant's having beaten his own daughter, and whether they had heard the defendant had been arrested for burglary several years earlier. There is no indication the state did not have a factual basis for these questions, which were proper to test the witnesses' knowledge of the defendant. *Nassar v. State*, 253 Ga. 35, 36 (3) (315 SE2d 903)(1984); *Bryant v. State*, 236 Ga. 495, 496 (2) (224 SE2d 369)(1976); *May v. State*, 185 Ga. 335, 339 (2) (195 SE 196)(1938). See generally Daniel, Ga. Handbook on Criminal Evidence, Section 2-14 (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Henry Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree*, for appellee.