A91A0554. CHISHOLM v. THE STATE.
(406 SE2d 112)

SOGNIER, Chief Judge.

Hugh Chisholm was convicted of possession of cocaine with intent to distribute, and he appeals.

1. At trial, appellant placed his general good character into issue by calling Jim Hicks, who testified that appellant had a "passable" reputation in the community. On cross-examination, the prosecuting attorney asked Hicks if he "ever heard of [appellant] having been investigated for arson?" Hicks responded in the affirmative, and appellant objected on the basis that the State had failed to introduce a conviction for arson or prove that appellant actually committed the arson.

It is well established that where a defendant voluntarily chooses to place his good character in issue, see OCGA § 24-9-20 (b), the State may not prove the defendant's general bad character by specific acts of bad conduct; however, the State may explore specific acts of bad conduct on cross-examination of the defendant's character witnesses for the purpose of testing the witnesses' knowledge of the defendant's reputation. *Jones v. State*, 257 Ga. 753, 758 fn. 8 (363 SE2d 529) (1988). Although in *Clark v. State*, 186 Ga. App. 106 (366 SE2d 361) (1988), we held that when the State cross-examines a character witness, the prosecutor may not ask questions as to unproved crimes or acts of violence which are inflammatory, prejudicial, and suggestive of facts not in evidence, id. at 110, the Supreme Court, in affirming that opinion, stated that the prosecutor "must *be able to* show that the questions posed to the defendant's character witness were asked in good faith and based on reliable information that *can be* supported by admissible evidence." (Emphasis supplied.) *State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988). See generally Daniel, Georgia Handbook on Criminal Evidence, § 2-14 (1986). The transcript in the case sub judice reveals that the trial court incorrectly ruled that the State was not required, upon demand, to show that its question was asked in

good faith and based on reliable information. Nevertheless, the prosecutor properly managed to state for the record that appellant was investigated for arson and that the prosecutor could produce witnesses. Thus, "[t]here is no indication the state did not have a factual basis for [the] question[], which [was] proper to test the witness['s] knowledge of the defendant. [Cits.]" *Lopez v. State*, 259 Ga. 39, 40 (2) (376 SE2d 673) (1989). Accordingly, we find no reversible error here.

2. Appellant contends the trial court erred by refusing to allow him to play for the jury and admit into evidence the tape made of telephone conversations between appellant and Probate Court Judge Gene Wells, who at the time of the conversations was an investigator with the McDuffie County Sheriff's Department. The transcript reveals that upon first calling Judge Wells as a defense witness, appellant's attorney sought to have the tape played for the jury, but when questioned by the court, specifically stated that he was not seeking to impeach the witness with the contents of the tape. The trial court excluded the tape on the basis that it duplicated the witness's testimony. Judge Wells testified regarding what was said during his telephone conversations with appellant. After the State's cross-examination, the trial court allowed the jury to hear the specific portion of the tape which appellant asserted impeached Judge Wells' testimony and supported appellant's defense that his drug-related activities were all undertaken on behalf of the sheriff's department. The witness was also allowed to listen to the entire tape out of the jury's presence to refresh his recollection of its contents. Subsequently, on final redirect, when appellant renewed his request to play the entire tape, the trial court again excluded the tape based on its cumulative nature, but clearly informed appellant's counsel that his ruling did not prohibit "any part of that tape or anything else which could be used technically to impeach or seek to impeach any witness." The trial court also instructed the jury on entrapment as requested by appellant.

Contrary to appellant's contention, the transcript reveals that the trial court accorded appellant every opportunity to present to the jury any and all evidence impeaching Judge Wells' testimony regarding what he discussed with appellant in the telephone conversations recorded on the tape. The only evidence excluded by the trial court's ruling was that evidence duplicating what Judge Wells had already stated. Even though duplicative evidence is admissible, see generally *Solomon v. State*, 247 Ga. 27, 31 (5) (277 SE2d 1) (1981), "[i]t is not error to exclude evidence that is merely cumulative of other evidence actually introduced at trial. [Cits.]" *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984). Therefore, we find no reversible error in the exclusion of the tape.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 22, 1991.

Peter D. Johnson, Dallas, Fowler & Wills, John P. Wills, for appellant.
Dennis C. Sanders, District Attorney, for appellee.