A93A0915. WATERS v. THE STATE.
(436 SE2d 44)

BIRDSONG, Presiding Judge.

Mark Richard Waters appeals his convictions of driving under the influence of alcohol (DUI) and improper lane change. He contends the trial court erred by allowing the prosecution to impeach his testimony with his unauthenticated driving record that showed a plea of nolo contendere to an earlier charge of DUI and other errors we need not address here. *Held:*

1. Waters' enumerations of error concerning his impeachment with an unauthenticated computer printout showing his driver's record and admission of the nolo contendere plea arises from the following cross-examination: "Q: [by the prosecutor]: How long were you traveling in that emergency lane for? A: [by Waters]: A tenth or two, a little further than — I have been pulled over probably three or four

times for a traffic violation, there were tires and debris all over the side of the road, so I went a little further, maybe a tenth or two. Q: You just indicated that you have been pulled over three or four times on traffic violations? A: No, I said I have been pulled over before. Q: You indicated that it was three or four times? A: I shouldn't say that, I'm sorry. I don't know the exact number or anything."

At this point a hearing was conducted out of the presence of the jury during which Waters objected to any impeachment with his driving record because that document was not authenticated and because he corrected his testimony so that he did not state he was only pulled over three or four times.

The State, however, contended it was entitled to impeach Waters' testimony because Waters voluntarily stated that he was pulled over only three or four times and that it could do so with his driving record because the record satisfied the requirements of OCGA §§ 24-3-17 and 40-5-2. Later, over Waters' objection, the State introduced the driver's record showing that Waters had entered a nolo contendere plea to a charge of driving under the influence.

Waters first contends the trial court erred by allowing the State to introduce his driver's record that showed that he entered a plea of nolo contendere. Under appropriate circumstances the State is allowed to impeach witnesses, including defendants, by showing they testified falsely, but doing so with evidence of a nolo contendere plea violates and contravenes the purpose of OCGA § 17-7-95 (c). The prosecution cannot elicit testimony from a criminal defendant on cross-examination and then impeach such testimony through use of a plea of nolo contendere. *State v. Rocco*, 259 Ga. 463, 467 (384 SE2d 183); *Corbitt v. State*, 190 Ga. App. 509 (379 SE2d 535). Therefore, the trial court erred by allowing the State to introduce Waters' driving record that showed that he had entered a plea of nolo contendere to driving under the influence.

Further, while witnesses "may be impeached by disproving the facts testified to by him" (OCGA § 24-9-82; *Parker v. State*, 169 Ga. App. 557 (313 SE2d 751)), the prosecution was not authorized to use this evidence to *impeach* Waters' testimony that he had been "pulled over" three or four times because Waters almost immediately revised that testimony to state he did not know the exact number of times he had been pulled over. Thus, the State had no basis for impeaching his testimony. *Moses v. State*, 190 Ga. App. 699, 700 (379 SE2d 819).

Further, even if the records were otherwise admissible, there was an inadequate foundation for the introduction of the driver's record. Records of the Department of Public Safety are admissible when the records are certified (OCGA § 24-3-17 (a)) or when, even without certification, the records are "obtained from any terminal lawfully connected to the Georgia Crime Information Center" (OCGA § 24-3-17

(b)). Although the record in this case seemingly was obtained from such a computer, no witness testified that it was so obtained. Instead, the prosecutor merely represented in argument that the record was obtained from such a computer. This is not evidence, and thus, we find the prosecutor also did not lay an adequate foundation for introduction of the driver's record. See *Thomas v. State*, 196 Ga. App. 88, 91 (395 SE2d 615).

Although the State urges us to find any error harmless because of overwhelming evidence of Waters' guilt (see *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869)), the evidence does not support such a conclusion. This case was closely contested and we cannot determine what role this evidence may have played. Therefore, Waters' conviction must be reversed.

2. In view of the result reached in Division 1, we need not address the remaining enumerations of error.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellee.

