A94A0772. TIPTON v. THE STATE.
(445 SE2d 860)

SMITH, Judge.

Harry Tipton appeals his conviction of two counts of driving under the influence of alcohol, OCGA § 40-6-391 (a) (4).

1. Tipton enumerates as error the failure of the trial court to direct a verdict of acquittal. Viewed in a light favorable to the verdict, the evidence shows that a police officer approached Tipton as he sat in the driver's seat of his pickup truck in an interstate rest area. The officer asked Tipton why he was parked in the rest area, and Tipton responded he had a fight with his wife, was trying to get away from her, and just arrived at the rest area. The keys were in the ignition switch, and the hood of the pickup truck was "warm to hot" to the touch. The officer noticed there was a strong odor of alcohol about Tipton, and requested that he perform several field sobriety tests, which he was unable to complete. Tipton then consented to a breath test. The results of that test were stipulated to be .17 grams alcohol.

Tipton testified that he had been out drinking with a female companion, who had brought him back to his truck at the rest area. On cross-examination, however, he testified that he and the female companion had been drinking at the rest area for approximately two-and-one-half hours. The female companion did not testify at trial.

"It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. It is not necessary that the circumstantial evidence exclude *every* reasonable inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded." (Citations and punctuation omitted.) *Phillips v. State*, 185 Ga. App. 54, 55 (1) (363 SE2d 283) (1987). The evidence presented, though circumstantial, was sufficient to support a finding of Tipton's guilt beyond a reasonable doubt. Id.; see also *State v. Hill*, 178 Ga. App. 669 (344 SE2d 491) (1986); *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992).

2. Among other enumerations of error, Tipton contends the trial court erred in admitting his unauthenticated driving record to impeach his testimony regarding previous offenses. The State did not call a witness to identify or authenticate the document; it was offered by the prosecutor as self-authenticating.

This case is controlled by our decision in *Waters v. State*, 210 Ga. App. 305, 306 (436 SE2d 44) (1993). There, as here, the State introduced an unauthenticated copy of a driving record for impeachment of the defendant's testimony regarding his previous traffic violations. This court held: "[E]ven if the records were otherwise admissible, there was an inadequate foundation for the introduction of the driver's record. Records of the Department of Public Safety are admissible when the records are certified [cit.] or when, even without certification, the records are 'obtained from any terminal lawfully connected to the Georgia Crime Information Center' (OCGA § 24-3-17 (b)). Although the record in this case seemingly was obtained from such a computer, no witness testified that it was so obtained. Instead, the prosecutor merely represented in argument that the record was obtained from such a computer. This is not evidence, and thus, we find the prosecutor also did not lay an adequate foundation for introduction of the driver's record. [Cit.]" 210 Ga. App. at 306-307. Moreover, at the time the driving record was tendered and admitted into evidence, Tipton had already corrected his testimony regarding the number of prior DUI offenses. See 210 Ga. App. at 306.

We cannot conclude this error was harmless. The State's case was based on circumstantial evidence that Tipton had driven a vehicle, and Tipton's credibility was at issue. "This case was closely contested

and we cannot determine what role this evidence may have played. Therefore, [the] conviction must be reversed." *Waters*, 210 Ga. App. at 307.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JULY 7, 1994.

*Troy R. Millikan*, for appellant.

*Gerald N. Blaney, Jr.*, Solicitor, *Allison L. Thatcher, Richard E. Thomas, Jessica R. Towne*, Assistant Solicitors, for appellee.