### S94A0769. MEDLOCK v. THE STATE.
(449 SE2d 596)

HUNSTEIN, Justice.

Following a hearing conducted pursuant to our remand of this case in *Medlock v. State,* 263 Ga. 246 (430 SE2d 754) (1993), the trial court ruled that the State had demonstrated that, in questioning two

---

defense character witnesses during Medlock's trial about earlier criminal charges brought against Medlock, the prosecutor had acted in good faith and that his questioning was based on reliable information that could be supported by admissible evidence. See id. at (2). See also *Christenson v. State*, 261 Ga. 80 (8) (c) (402 SE2d 41) (1991). Medlock appeals from that ruling. We affirm.

As noted in our earlier opinion, this Court was concerned with the State's cross-examination regarding two disorderly conduct charges, a criminal trespass charge, a driving too fast for conditions charge, and a DUI. *Medlock*, supra at 246. As to the DUI charge, the State on remand conceded it had no basis for a question regarding a DUI charge, but noted that the prosecutor, upon mentioning the DUI at trial, immediately withdrew the remark, apologized and explained it was a "misspeak" and stated repeatedly that there was no DUI. Although defense counsel moved for a mistrial when the DUI was first mentioned, after the prosecutor had apologized and reiterated that there was no DUI, defense counsel responded "[a]ll right," and the trial proceeded without any ruling having been invoked as to the mistrial motion. Given these circumstances, we find no error in the trial court's holding that appellant waived his objection to the State's mention of the DUI. See *Copeland v. State*, 160 Ga. App. 786 (6) (287 SE2d 120) (1982) (failure to invoke ruling on motion for mistrial amounts to a waiver). See also *Dover v. State*, 250 Ga. 209 (4) (296 SE2d 710) (1982) (failure to invoke ruling as to a motion results in waiver of the issue for purposes of appeal).

As to all but one of the remaining charges,[1] appellant contends the documents introduced by the State on remand were not sufficient under *Christenson*, supra, because the documents adduced were only certified copies of criminal *charges* and were thus inadmissible because the documents did not reflect either appellant's pleas thereto or his convictions thereon. We do not agree with appellant that *Christenson* provides that the prosecuting attorney can use only convictions when testing character witnesses' knowledge of a defendant. As noted in *Medlock*, supra, "*Christenson* did not work a change in the law but was a restatement of what has been the law in Georgia for quite some time. [Cits.]" Id. at 247, fn. 2. It is well-established that where the prosecuting attorney "[is] able to show"[2] that a reliable ba-

---

[1] Appellant does not challenge the trial court's ruling as to the prosecuting attorney's questioning about a 1991 disorderly conduct charge regarding which a certified copy of conviction was adduced.

[2] While it is the better practice for the prosecuting attorney to be able to demonstrate the required good faith and reliable basis for the questions at the time the character witness is cross-examined, the prosecutor's inability to so demonstrate at that time does not, contrary to appellant's argument, mandate reversal. See, e.g., *Christenson*, supra at (8) (c) (remanding case to trial court for a determination whether district attorney could support his questions

sis exists, *State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988), the prosecuting attorney can inquire whether the character witness has heard about arrests, convictions, and uncharged specific " 'bad acts' " of the defendant. *Dover v. State*, 192 Ga. App. 429, 436 (7) (385 SE2d 417) (1989). Accord *Wells v. State*, 261 Ga. 282 (4) (a) (404 SE2d 106) (1991). See also *Lopez v. State*, 259 Ga. 39 (2) (376 SE2d 673) (1989) (questioned about specific act of violence and an arrest); *Chisholm v. State*, 199 Ga. App. 746 (1) (406 SE2d 112) (1991) (questioned about an investigation into arson). See generally Daniel, Georgia Handbook on Criminal Evidence, § 4-19 (2nd ed.). Because the State was able to produce certified copies of appellant's record which provided the evidentiary basis for the questioning about the various charges, we find no error in the trial court's ruling.

*Judgment affirmed. All the Justices concur, except Fletcher, J., who concurs in the judgment only, and Benham, P. J., who dissents.*

BENHAM, Presiding Justice, dissenting.

[W]hen cross-examining a defendant's character witness[es,] [a] district attorney must be able to show that the questions posed to the defendant's character witness[es] were asked in good faith and based on reliable information that can be supported by admissible evidence.

*State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988). See also *Medlock v. State*, 263 Ga. 246 (2) (430 SE2d 754) (1993), where we emphasized the mandatory nature of the district attorney's duty, and *Christenson v. State*, 261 Ga. 80 (8) (c) (402 SE2d 41) (1991). I concur with the majority's conclusion that the district attorney's cross-examination was based on reliable evidence that could be supported by admissible evidence.[3] In light of circumstances present in this case, however, I must disagree with the majority's implicit determination that the State established that the district attorney's cross-examination of the character witnesses was conducted in good faith.

Good faith is "[h]onesty of intention, and freedom from knowledge of circumstances which ought to put the holder upon inquiry." Black's Law Dictionary (Rev. 4th ed.). It is "that state of mind denot-

---

as required). By so concluding, however, we intimate no opinion whether, under circumstances not present in the instant case, a prosecutor's lack of support for such questions at the time of trial may not reflect adversely on the good faith required in propounding the questions.

[3] Neither I nor the majority conclude that the district attorney's questions about an incident where appellant was purportedly driving under the influence of alcohol were based on reliable information supported by admissible evidence. However, during the initial appearance of this case before this court, the State admitted it did not have a basis for its DUI-based questions.

ing honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation." Black's Law Dictionary (5th ed.). At the trial of the case at bar, the district attorney was well aware of his obligation to demonstrate his good faith and the reliable information on which he based his cross-examination because he had been the district attorney involved in "the clear and unambiguous holding in *Christenson* [*v. State*, 261 Ga. 80]." *Medlock v. State*, 263 Ga. at 247. Despite this knowledge, he did not do so, made no attempt to do so, and "maintained that he was not required to make any sort of showing." Id. On appeal, this court labelled as "specious" and "without merit" the State's attempt to distinguish the holding in *Christenson* from the case at bar, and the State's suggestion that this particular issue was unsettled law. Id. at 247, n. 2. Thus, the district attorney displayed a lack of good faith as he was not free "from knowledge of circumstances which ought to put the holder upon inquiry." Black's Law Dictionary (4th ed.), supra.

Prior to the trial of the case at bar, the district attorney knew that appellant intended to present character witnesses and therefore had time to research appellant's prior bad acts in preparation for cross-examination of the character witnesses. Nevertheless, he failed to set forth the reliable information on which he based his cross-examination when counsel for appellant objected. I can only conclude that the district attorney displayed a lack of faithfulness to his duty and obligation to produce the required basis for his cross-examination and, in failing to do so, did not live up to his obligation to ensure that the proceedings were conducted in accordance with the rules of evidence and the laws of Georgia. *McAlister v. State*, 204 Ga. App. 259 (1) (419 SE2d 64) (1992).

> "It has often been stated that it is the duty of a prosecuting attorney to see that justice is done and nothing more. That duty should not be forgotten in an excess of zeal or the eager quest for victory." [Cit.]

*Rodriguez v. State*, 184 Ga. App. 819, 820 (363 SE2d 23) (1987).

Because I am of the opinion that the State failed to establish that the district attorney acted in good faith when he cross-examined appellant's character witnesses, I must respectfully dissent from the majority's affirmance of the trial court's judgment on remand.

DECIDED OCTOBER 31, 1994 —
RECONSIDERATION DENIED DECEMBER 2, 1994.

*William J. Mason,* for appellant.

*Douglas C. Pullen, District Attorney, Murray J. Weed, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.