S95A0846. THOMPSON v. THE STATE.
(461 SE2d 528)

THOMPSON, Justice.

Lavetta Thompson was convicted of felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of a crime, in connection with the shooting death of David Butler.[1]

1. A week prior to the shooting, defendant pawned a VCR and a gun with the victim as security for a debt of $100. The victim thereafter refused defendant's demands that he return the goods without payment of the money. The day before the shooting a witness observed defendant hold a gun to the victim's head and pull the trigger; on that occasion the gun misfired. On the following day, the same witness observed defendant fire a shot into a parked car in which the victim was seated. The victim exited the car and attempted to run

---

[1] The crime occurred on April 20, 1994. Thompson was indicted on June 7, 1994 for malice murder; felony murder while in the commission of an aggravated assault; and possession of a firearm during the commission of the crime of murder. He was tried on August 17-18, 1994, and was acquitted of malice murder and found guilty of the two remaining counts. He was sentenced on October 28, 1994 to life imprisonment and five consecutive years of incarceration. A motion for new trial was filed on November 19, 1994, amended on December 28, 1994, and denied on December 30, 1994. A notice of appeal was filed on January 6, 1995, and the appeal was docketed in this Court on February 28, 1995. The case was submitted for decision on briefs on May 11, 1995.

away, whereupon defendant fired two more shots, fatally wounding him.

The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends that the trial court erred in allowing the prosecuting attorney to cross-examine a defense character witness concerning defendant's past arrest record. He argues on appeal that the questions were improper under *Medlock v. State*, 264 Ga. 697 (449 SE2d 596) (1994).

The witness testified on direct examination that defendant is a nonviolent individual and a good father. On cross-examination, the witness was asked if her opinion of defendant would differ if she knew he had been arrested twice for criminal trespass, three times for disorderly conduct, motor vehicle theft, DUI, possession of a dangerous weapon, abusive language, resisting arrest, and assaulting a police officer. Defendant objected on grounds that the state failed to produce a certified copy of his arrest record, and that evidence of arrests was nonetheless irrelevant and inadmissible. The objection was overruled. The prosecutor offered to tender into evidence a non-certified copy of defendant's arrest record as reflected in a printout from the Georgia Crime Information Center.[2] The accuracy of the GCIC printout was not challenged at trial, nor was the document received into evidence.[3]

When examining a defense character witness concerning other criminal charges brought against the defendant, the prosecuting officer is required to demonstrate that the "questions were asked in good faith, and based on reliable information that can be supported by admissible evidence." *Christenson v. State*, 261 Ga. 80 (402 SE2d 41) (1991). We recently reiterated that holding in *Medlock v. State*, supra.

The record in the present case establishes the prosecutor's "good faith" belief that his questions were based on "reliable information." The third criterion of *Christenson* and *Medlock*, that the information can be supported by admissible evidence, was also satisfied, even though the document upon which the prosecutor relied was not certified. See OCGA § 24-3-17 (b), which allows for the introduction of records obtained from any terminal lawfully connected to the GCIC,

---

[2] Effective January 1, 1995, OCGA § 17-16-4 (a) (2) (Ga. L. 1994, p. 1895, § 4) requires that the prosecutor provide a felony defendant prior to trial with a copy of his or her Georgia Crime Information Center criminal history, if such is in possession or control of the state.

[3] By stipulation of the parties, a copy of the GCIC report to which the prosecuting attorney made reference at trial has been made part of the record on appeal pursuant to OCGA § 5-6-41 (f).

without the need for additional certification.[4] Accordingly, we find no error in the trial court's ruling.

3. The court did not err in refusing to give defendant's requested jury instruction "that proof of the violent and turbulent character of the deceased can be shown to explain that the accused was honestly seeking to defend himself."[5]

Defendant testified in his own defense that he shot only out of fear of being shot himself. The jury was given a complete charge on self-defense and justification, and was instructed that prior difficulties between the victim and the defendant may be illustrative of the state of feeling between the two. The requested charge was substantially covered by the charge actually given. *Pruitt v. State*, 258 Ga. 583 (373 SE2d 192) (1988).

4. The unimpeached testimony of the eyewitness constituted direct evidence that defendant shot and killed the victim. Accordingly, it was not error to fail to charge on circumstantial evidence in the absence of a request. *Brooks v. State*, 265 Ga. 548 (458 SE2d 349) (1995).

5. Any other asserted defects in the jury charge have been waived by defendant's failure either to object to those portions of the charge or to reserve the right to object on motion for new trial or appeal. *Leavitt v. State*, 264 Ga. 178 (3) (442 SE2d 457) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 1995.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General*, for appellee.

---

[4] Before a record so obtained may be introduced in evidence, a proper foundation must be established. See *Waters v. State*, 210 Ga. App. 305 (1) (436 SE2d 44) (1993).

[5] See generally *Black v. State*, 230 Ga. 614, 615 (3) (198 SE2d 314) (1973) (as a predicate to the admissibility of evidence of the violent character of the deceased victim, it must be shown prima facie that the deceased was the assailant, and that the accused had been attacked and was honestly seeking to defend himself).