A97A2109. JACKSON v. THE STATE.
(492 SE2d 897)

McMURRAY, Presiding Judge.

Defendant was charged in accusations with "driving with license suspended" and "improper backing." After a bench trial, he was found guilty of each charge and ordered to pay fines and restitution. From the judgment of conviction defendant brings this direct appeal. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in admitting into evidence an uncertified copy of defendant's driving record. He argues there was a lack of adequate foundation, because "the prosecutor cannot be a witness," ostensibly relying on *Tipton v. State*, 213 Ga. App. 764, 765 (2) (445 SE2d 860) and *Waters v. State*, 210 Ga. App. 305 (1), 307 (436 SE2d 44).

OCGA § 24-3-17 (b) "allows for the introduction of records obtained from any terminal lawfully connected to the GCIC [(Georgia

Crime Information Center)], without the need for additional certification." *Thompson v. State*, 265 Ga. 677, 678 (2) (461 SE2d 528). Pretermitting whether a prosecutor can state in her place that she obtained a driving record from a computer lawfully connected to the GCIC, we find that *Tipton v. State*, 213 Ga. App. 764, supra, and *Waters v. State*, 210 Ga. App. 305, supra, simply do not control.

In the case sub judice, the State was granted a brief recess, after which time the State put up the witness Sherlyn Filimore-Martin, a preaccusation supervisor with the Fulton County Solicitor's office. Filimore-Martin is a "certified GCIC coordinator," who identified State's Exhibit 1 via the "origination agency identity number, and this is [the Fulton County Solicitor's] number on the far left-hand corner." Filimore-Martin further testified that the Fulton County Solicitor's computer terminal is "connected to the GBI ([Georgia Bureau of Investigation]), Panthersville." She also confirmed the exhibit as a "GCIC, criminal history, driver's history." This exhibit was then admitted over defendant's objection. Since the State adduced a sworn witness to identify the printout of defendant's driver's license as a report from the GCIC, we find no error in admitting this exhibit over defendant's objection as to lack of foundation.

2. Defendant objected to the testimony of Filimore-Martin on the ground that she had not been identified on the list of witnesses supplied by the State before trial. The State's attorney claimed surprise, and defendant was given an opportunity to interview Filimore-Martin, who was permitted thereafter to testify over defendant's objection. This evidentiary ruling is enumerated as error.

"Prior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, on demand, with a list of the witnesses on whose testimony the charge against such person is founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of witnesses." OCGA § 17-16-21.

In the case sub judice, the State's attorney "did not state precisely that the evidence . . . was 'newly-discovered'; but [s]he did state that it was evidence which [s]he had no knowledge that [s]he would need at the time [s]he furnished the list of witnesses to [defendant]. . . ." *Yeomans v. State*, 229 Ga. 488, 490-491 (2) (192 SE2d 362) (interpreting former Code Ann. § 27-1403). Compare *Bentley v. State*, 210 Ga. App. 862, 863 (2) (b), 864 (438 SE2d 110) (interpreting former OCGA § 17-7-110), where the State failed to establish the applicability of the exception for "newly discovered" evidence. In

our view in the case sub judice, this was an adequate showing of surprise to authorize the trial court to exercise its discretion to grant a continuance and to permit this witness to identify the GCIC printout, over defendant's objection that this witness was not listed as a witness on the list as originally furnished defendant by the State. Consequently, this enumeration is without merit.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 21, 1997 —

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Carmen Smith, Solicitor, Allison L. Byrd, Cheryl Harper, Assistant Solicitors*, for appellee.