## A00A1438. THE STATE v. STERLING.

(535 SE2d 329)

ELDRIDGE, Judge.

The State appeals from the State Court of Gwinnett County's dismissal of an accusation for lack of jurisdiction. See OCGA § 5-7-1 (a) (1). The procedural posture of this case is as follows.

The office of the Solicitor General of Gwinnett County drew an accusation against Kevin Thomas Sterling charging him with two counts of misdemeanor shoplifting. OCGA § 16-8-14 (b) (1). The case went to trial. While the jury was deliberating, the trial judge was informed by the State that Sterling had three prior convictions for shoplifting. The National Crime Information Center ("NCIC") printout on Sterling was produced by the State. The printout showed that Sterling had two shoplifting convictions in Arizona and one shoplifting conviction in Gwinnett County, Georgia. Thereafter, the jury indicated that they had reached a verdict. The trial court found that the State Court of Gwinnett County did not have jurisdiction over the instant case because, under OCGA § 16-8-14 (b) (1) (C) and this Court's decision in *Lynn v. State*, 236 Ga. App. 600, 602-603 (512 SE2d 695) (1999), Sterling's three prior shoplifting convictions "rendered the instant shoplifting charge a felony." Id. at 603 (3).[1] Accordingly, the trial court would not permit the jury to return the verdict, and the court dismissed the case for lack of jurisdiction. The State appeals from the trial court's ruling. *Held*:

1. Without contesting the *fact* that Sterling had three prior shoplifting convictions, the State contends that there is no "admissible evidence" in the record of such fact. However, the NCIC printout of Sterling's criminal record was competent, admissible evidence that Sterling had three prior shoplifting convictions, one in Georgia and two in Arizona. See OCGA § 24-3-17 (b); *Thompson v. State*, 265 Ga. 677, 678 (2) (461 SE2d 528) (1995); see also *Thomas v. State*, 196 Ga. App. 88, 91 (4) (395 SE2d 615) (1990). Further, it was not disputed by the State that the NCIC printout showed the three prior shoplifting convictions and that such printout was properly before the trial court for its consideration. Thus, despite the fact that the NCIC printout was not made a part of the record on appeal, we find the undisputed evidence of record regarding the contents of the NCIC printout — offered by the State and considered by the trial court without objection by the State — sufficient to support the court's factual determination based thereon that Sterling had three prior shoplifting convictions.

---

[1] "The Georgia Constitution establishes exclusive jurisdiction over felony cases in the superior court." *Bishop v. State*, 265 Ga. 821, 822 (462 SE2d 716) (1995).

2. Subsection (b) of our shoplifting statute states in pertinent part that,

> [u]pon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years.

OCGA § 16-8-14 (b) (1) (C); *Lynn v. State*, supra at 602.

The State contends that the specific language of the statute, "as defined by this Code section," means that only shoplifting convictions prosecuted under the Georgia definition of "shoplifting" may be used when determining whether a defendant has committed the requisite number of prior shoplifting offenses to reach felony status. Thus, the State argues, Sterling's prior Arizona convictions would not be recognized under the statute, since a shoplifting offense in Arizona is not "defined by this [Georgia] Code section." We disagree.

Under the plain meaning of OCGA § 16-8-14 (b), it is apparent that the specific language "as defined by this Code section" does not go to the definition/elements of the *offense* of shoplifting, which elements are found under subsection (a) (1) through (5) of the statute. Instead, such language addresses punishment, which is the topic of subsection (b) of the statute. The language "as defined by this Code section" applies to the definition of "misdemeanor" and "felony," as related to the offense. As defined by the Code section, misdemeanor shoplifting is the theft of items with a value of $300 or less; a value more than $300 is felony shoplifting. OCGA § 16-8-14 (b) (1).

Obviously, then, any shoplifting offense — whether committed and prosecuted in Georgia, Arizona, or any foreign jurisdiction — will be *either* a felony or a misdemeanor as defined by OCGA § 16-8-14 (b) (1) (C), since every item has a value of more *or* less than $300. And, under the statute, "any combination of [prior] felonies and misdemeanors" may be considered when determining the status of a fourth offense; so it matters not whether a prior foreign shoplifting conviction was a misdemeanor or felony. OCGA § 16-8-14 (b) (1) (C). Thus, the plain language of the statute does not preclude consideration of a foreign shoplifting conviction — whether misdemeanor or felony — when determining whether a current Georgia shoplifting charge is a fourth offense felony. The plain language of the statute is entirely consistent with the express intent of the legislature: "the General Assembly intended that as to convictions of shoplifting . . . *any* prior shoplifting conviction shall be considered in determining if the defendant has committed felony shoplifting." (Emphasis in origi-

nal.) *Lynn v. State*, supra at 603 (2). Where, as here, the language of the statute is plain and unequivocal, judicial construction is not only unnecessary but is prohibited. *City of Jesup v. Bennett*, 226 Ga. 606 (176 SE2d 81) (1970). To restate our opinion in *Lynn v. State*, supra, "if the legislature had intended to limit the consideration of prior felony convictions to those occurring [only in Georgia], it could have done so. [Cit.]" Id. at 603 (2). It did not. Accordingly, the trial court did not err by considering Sterling's two Arizona shoplifting convictions in finding that it lacked jurisdiction over his fourth shoplifting offense.[2]

3. "[I]t is always the duty of a court to inquire into its jurisdiction, upon its own motion where there is doubt." *Williams v. State*, 217 Ga. 312, 313 (122 SE2d 229) (1961). Since the trial court lacked jurisdiction over Sterling's case when it was tried, the trial was a nullity, and double jeopardy will not prevent a retrial. OCGA § 16-1-8 (d) (1); *Chambers v. State*, 262 Ga. 200, 202 (3) (415 SE2d 643) (1992). Upon retrial, jurisdiction over this fourth felony shoplifting charge will be in superior court.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 5, 2000.

■■■■■■■■■■■■■■■■

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Staci B. Abrams, Assistant Solicitors*, for appellant.
*Robert Greenwald*, for appellee.

---

[2] We recognize that the consequence of this opinion may be the subsequent invalidation of a misdemeanor shoplifting conviction, if — sometime after conviction — it becomes known that a defendant (who has no motive to volunteer the information) actually had three priors and thus the state court lacked jurisdiction to impose a sentence on a fourth conviction. But that is the consequence of the unqualified, mandatory language of the statute that "upon conviction of a fourth . . . offense for shoplifting . . . the defendant commits a felony and shall be punished [therefor]." OCGA § 16-8-14 (b) (1) (C).