300 Ga. 614
FINAL COPY

S16A1725.  CAIN v. THE STATE.

HINES, Chief Justice.

Following the denial of his motion for new trial, as amended, Timothy Cain appeals his convictions and sentences for felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of a crime.  He challenges the sufficiency of the evidence, an evidentiary ruling, and the effectiveness of his trial counsel.  For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence shows the following: The victim, Calvin Davis, was shot to death in the early morning hours of June 19, 2010.  The previous day, Yoshanda Mitchell, who lived across from appellant,

[1] The crimes occurred on June 19, 2010.  On September 28, 2010, a Richmond County grand jury indicted Cain for malice murder, felony murder based on aggravated assault, and possession of a firearm during the commission of a crime.  Cain was tried before a jury October 3-7, 2011; he was acquitted of malice murder but was found guilty of the remaining charges.  On October 7, 2011, Cain was sentenced to serve life in prison without parole for felony murder, and a consecutive term of five years in prison for possession of a firearm during the commission of a crime.  A motion for new trial was filed on November 3, 2011, and the motion was amended on March 19, 2015.  The motion, as amended, was denied on November 13, 2015.  Cain filed a notice of appeal on December 10, 2015.  The appeal was docketed in this Court for the September 2016 term and submitted for a decision on the briefs.

invited appellant to a motel where, she said, she and others would be partying. Mitchell gave appellant a ride in her car. Later, appellant, Mitchell and a third individual, Andre Wooden, got together at a motel. Mitchell left appellant and Wooden for a short while to find her phone charger. She rejoined them at another motel where they met the victim, who occupied a room there, outside. Appellant left the second motel for a short time. When he returned, he said his money was missing. Mitchell and Wooden helped appellant look for the money in Mitchell's car, but they could not find it. Before long, they asked the victim if they could look in his motel room, and he agreed to their request. Appellant, Mitchell and Wooden entered the victim's motel room. Appellant went into the victim's bathroom; he came out with a gun in his hand, and demanded someone give him his money. Appellant then fired five shots, one of which struck and killed the victim. The absence of stippling on the victim's body demonstrated he was at least 18 inches away from the barrel of the handgun when appellant shot him.

1. Appellant contends the evidence was insufficient as a matter of law to support his convictions for felony murder and possession of a firearm during the commission of a crime. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt

2

2781, 61 LE2d 560) (1979). We disagree. Mitchell and Wooden provided eyewitness accounts sufficient to authorize any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Hill v. State*, 297 Ga. 675, 677 (777 SE2d 460) (2015) (witness's credibility is a matter within the exclusive province of the jury). The jury was not required to credit appellant's testimony that he fired his revolver in self-defense because the victim and Wooden tried to rob him. Id.

Appellant's assertion that the evidence at trial was insufficient because it was wholly circumstantial and failed to exclude every other reasonable hypothesis except that of appellant's guilt, see former OCGA § 24-4-6,[2] is equally without merit. First, the statute permits convictions based solely on circumstantial evidence under certain conditions. But here, the eyewitness testimony of Mitchell and Wooden constituted direct evidence of appellant's guilt. Thus, the evidence against appellant was not wholly circumstantial and former OCGA § 24-4-6 was inapplicable. *Hill*, supra at 678.

2. Next, appellant posits the trial court erred in sustaining the State's

---

[2] This case was tried under the former Evidence Code. Former OCGA § 24-4-6 appears in the new Evidence Code as OCGA § 24-14-6.

3

hearsay objection and preventing him from testifying with regard to statements Mitchell made to him on the day of the murder. Appellant contends the statements would have demonstrated he did not go to the motel with the intent to commit a crime, but to attend a party. However, because this case was tried before the plain error doctrine became part of our new Evidence Code, see OCGA § 24-1-103 (d), and because counsel did not register a complaint when the trial court sustained the State's objection, this claim of error was waived. *Durham v. State*, 292 Ga. 239, 240 (2) (734 SE2d 377) (2012).

3. In his last enumeration of error, appellant asserts defense counsel rendered ineffective assistance in failing to object properly when the State asked two of appellant's three character witnesses if they knew appellant's mother had called police the night before the shooting, telling them she was afraid appellant was going to commit a robbery. Trial counsel's objection to this line of questioning on relevance grounds was overruled.

Appellant argues trial counsel should have objected on foundation grounds because it was incumbent upon the State "to show that the questions posed to the defendant's character witness were asked in good faith and based on reliable information that can be supported by admissible evidence." *State v.*

*Clark*, 258 Ga. 464, 464 (369 SE2d 900) (1988). See also *Medlock v. State*, 264 Ga. 697, 698-699 (449 SE2d 596) (1994) (prosecution can ask character witnesses if they have heard about arrests, convictions and uncharged bad acts of defendant as long as it can show a reliable basis for the question).

Here, the State was in possession of a police report that contained appellant's mother's statement to police that she feared her son was planning a robbery.[3] The police report served as a good faith basis, rooted in reliable information, for the prosecution's questions. As such, an objection by trial counsel on foundation grounds would have been meritless, and the failure to make such an objection was not ineffective assistance. See *Grant v. State*, 295 Ga. 126, 131 (757 SE2d 831) (2014).

Judgments affirmed. All the Justices concur.


Decided February 27, 2017.

Murder. Richmond Superior Court. Before Judge Jolly.

Lyndsey A. Hix, Katherine M. Mason, for appellant.

Ashley Wright, District Attorney, Mary E. Bitting, Assistant District

---

[3] The report was given to the defense during discovery.

Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.