## 36726. THE STATE v. ORR.

UNDERCOFLER, Chief Justice.

The State appeals a finding by the trial court that Code Ann. § 68B-214 of the Driver's Licensing Act, Ga. L. 1975, p. 1021, is constitutionally deficient to support a conviction for the offense of driving while license is suspended. The contested portion of the code section provides "that where any provision of this Title requires the Department [of Public Safety] by certified or ordinary mail to give written notice to a person effecting such person's driver's license, *the mailing of such notice* to the name and address shown by department records at the time of mailing *shall be presumptive evidence* that such person received the required notice." (Emphasis supplied.)

We agree with the trial court that the State has the burden of proving each and every element of any criminal offense; that one of the elements of driving while one's license is in a mandatory state of suspension is notice to the defendant of action in suspending the license; and that absent proof by the State of actual or legal notice to the defendant a conviction for the offense of driving while one's license is suspended cannot be sustained. We also agree that the State cannot rely on a presumption from a silent driver's license record that some individual within the Department of Public Safety did, on a certain date, mail a letter by ordinary mail to the defendant and that the defendant did in fact receive the letter. We note further that Code Ann. § 68B-313 (d), Ga. L. 1976, pp. 1668, 1669, provides that "all revocations and suspensions provided for in this Title shall be effective on the day the driver receives actual knowledge or legal notice thereof, whichever occurs first."

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 26, 1980 — DECIDED NOVEMBER 5, 1980.

*James E. Cornwell, Jr., Assistant Solicitor,* for appellant.
*John C. Fowler,* for appellee.