### 76451. HALE v. THE STATE.
(373 SE2d 250)

POPE, Judge.

Jeffery Dennis Hale appeals his conviction of charges of driving with a suspended license and driving under the influence of alcohol.

1. Hale contends that proof of his conviction of driving with a suspended license was insufficient because "[o]ne of the elements of

[the offense] is notice to the defendant of action in suspending the license, and absent proof by the State of actual or legal notice to the defendant a conviction for that offense cannot be sustained. [Cits.]" *Sumner v. State*, 184 Ga. App. 374, 375 (361 SE2d 536) (1987). At issue here is what constitutes *legal* notice, if no *actual* notice has been shown.

The Administrative Procedure Act provides that "[n]o revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has sent notice, by certified mail to the licensee, of individual facts or conduct which warrant the intended action and the licensee has been given an opportunity to show compliance with all lawful requirements for the retention of the license except where: . . . [t]he agency's order is expressly required, by a judgment or a statute, to be made without the right to a hearing or continuance of any type." OCGA § 50-13-18 (c) (2).

OCGA § 40-5-70 (a) expressly requires that "[t]he driver's license of any person convicted of violating Code Section 40-6-391 [the DUI provision] *shall by operation of law* be suspended, and such suspension shall be subject to the terms and conditions provided in subsection (b) of this Code section." (Emphasis supplied.) The italicized language does not appear in other code sections governing driver's license suspensions. See OCGA §§ 40-5-51 through 40-5-63. Indeed, each of these provisions delineates the specific notice to be given. OCGA § 40-5-70 (b) sets forth the lengths and terms of suspensions upon the first, second and third convictions of DUI, and subsection (c) states that the period of suspension begins on the date of the DUI conviction. It thus appears that the legislature intended OCGA § 40-5-70 to effectuate suspension or revocation automatically upon a conviction for DUI, the notice being the trial for violation of OCGA § 40-6-391; i.e., notice "by operation of law." Such a legislative intent is clearly contemplated in OCGA § 40-13-18 (c) which dispenses with notice requirements "where . . . [suspension] is expressly required by . . . statute."

Hale was charged with notice of this law by OCGA § 1-3-6. Consequently, due process does not require that he be afforded a hearing before the decision suspending his license was made, because his driver's license was suspended "not by a decision to revoke but by operation of law by his [conviction for DUI]" *City Council of St. Marys v. Crump*, 251 Ga. 594, 595 (2) (308 SE2d 180) (1983). "The term 'legal notice' has been referred to as the same as 'constructive notice.' " 66 CJS, Notice, § 8 (1950). "Constructive notice is information or knowledge of a fact imputed by law because the fact could have been discovered by proper diligence and the situation was such as to cast upon a person the duty to inquire into it. Implied notice is

that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. [Cits.]" *Hamilton v. Edwards*, 245 Ga. 810, 811-812 (267 SE2d 246) (1980). We therefore conclude that the State met its burden of proving that Hale received legal notice, as contemplated by the statutory scheme, that he was driving with a suspended license.

2. The second element of proof necessary for a conviction of this offense is evidence showing that the defendant's license has in fact been suspended. See *Barrett v. State*, 173 Ga. App. 452 (1) (326 SE2d 816) (1985). The State offered Hale's record of driving offenses as such evidence. This record showed at the top that the status of Hale's license was suspended and listed nine offenses, including two DUI convictions. Hale objected to admission of the entire record as irrelevant and prejudicial in light of the fact that he was on trial for a third DUI offense. Although the State indicated that it would agree to excise the bottom portion of the record, the trial court ruled that unless Hale stipulated that his license had been automatically suspended by operation of law due to the DUI convictions, it would allow the entire record in evidence in order to prove notice. Citing *Hester v. State*, 159 Ga. App. 642 (2) (284 SE2d 659) (1981), Hale argues that this was reversible error because "it is notice of one's *status* as a non-licensed [offender], not the driving record underlying that status, that is an 'essential element' . . . ." Id. at 644.

We do not agree. The trial judge was correct in his analysis of the relevance of this evidence, and Hale's reliance on *Hester* is misplaced. *Hester* involved proof of operating a motor vehicle after being declared a habitual violator. A person may be declared a habitual violator for committing any of a number of driving offenses listed in OCGA § 40-5-58 (a), and must receive personal notice of the suspension of his license. In the instant case, notice of the suspension of Hale's license by operation of law could only be shown by his DUI convictions under OCGA § 40-6-391. Thus Hale complains on the one hand that the State failed to prove notice, and on the other that the evidence presented to prove notice was too prejudicial to be admitted. Without Hale's agreement to stipulate the DUI convictions, there was no recourse other than to admit the entire driving violations record to establish notice under OCGA § 40-5-70 (a). A mere showing of appellant's suspended status, without proof of the OCGA § 40-6-391 violations, would have been insufficient. " 'Competent material evidence is not to be excluded merely because it is prejudicial.' [Cit.]" *Fowler v. State*, 111 Ga. App. 856, 859 (2) (143 SE2d 553) (1965). Accord *Blake v. State*, 239 Ga. 292 (1) (236 SE2d 637) (1977). Therefore we find no

grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988 

*William L. Reilly*, for appellant.
*Roger Queen, District Attorney, Angela A. Byne, Assistant District Attorney*, for appellee.