## 77225. ARNOLD v. THE STATE.
(377 SE2d 918)

POPE, Judge.

Dudley Arnold appeals his conviction of driving with a suspended license.

1. Appellant first argues that the trial court erred in admitting into evidence an excised certified record from the Department of Public Safety showing the suspended status of appellant's license. Appellant objected on grounds that the document was irrelevant and prejudicial and that it was marked "For Court Use Only" and therefore could not be exhibited to the jury.

Appellant was stopped by Lt. Freeman of the Athens Police on September 1, 1986. After running a computer check, Lt. Freeman advised appellant that his license was suspended. On February 14, 1987, Lt. Freeman saw appellant driving as Lt. Freeman passed appellant on the street. He testified that he and the appellant made eye contact. Lt. Freeman then radioed another police officer to stop appellant's car. When appellant's car stopped, and before the officer approached, appellant got into the back seat and a passenger in the front seat of the car slid under the steering wheel.

In order to establish the offense of driving with a suspended license, the State must show that the accused was driving, that his license was suspended, and that the accused had received actual or legal notice of the suspension. OCGA § 40-5-121; *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980); *Barrett v. State*, 173 Ga. App. 452 (1) (326

SE2d 816) (1985). The document in question showed that appellant's license had been suspended for a period of one year effective May 5, 1986. Thus, it was relevant to show that the license was suspended at the time of the offense charged, February 14, 1987. Nor does the marking "For Court Use Only" render the document inadmissible. Appellant argues that such a marking makes the document usable only by the judge for purposes of sentencing. This argument is refuted by OCGA § 40-5-2 (d) (1) which expressly provides for disclosure of such records by prosecuting officials and judges in the performance of their duties. In addition, OCGA § 40-5-2 (e) provides that the certified records of the Department of Public Safety shall be admitted as evidence in any civil or criminal proceeding as proof of the contents of the record. The trial court did not err in admitting the record.

2. Appellant argues that the trial court erred in failing to direct a verdict because the State failed to prove sufficient notice. We disagree. On September 1, 1986, Lt. Freeman directly notified appellant that his license was suspended. Thus, appellant had actual notice of the suspension. The fact that appellant attempted to conceal that he was driving when the police stopped him is sufficient evidence to enable the jury to conclude that appellant knew his license was in suspension. The facts here are not analogous to those in *Sumner v. State*, 184 Ga. App. 374 (361 SE2d 536) (1987). In *Sumner*, the officer asked the accused if he had gotten his license back yet and the accused replied no. The accused testified that he knew that the sheriff or state patrol or somebody had his license. However, there was no direct evidence that the license was suspended. Such is not the case here.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1989.

*Donna L. Avans, Kathleen J. Anderson*, for appellant.
*Ken Stula, Solicitor*, for appellee.