## A96A1303. FARMER v. THE STATE.
### (474 SE2d 760)

SMITH, Judge.

Robert Dennis Farmer was charged with the offenses of vehicular homicide in the second degree (OCGA § 40-6-393 (b)), driving an unsafe or improperly equipped vehicle (OCGA § 40-8-7), driving with a suspended license (OCGA § 40-5-121), and driving with an improper class license (OCGA § 40-5-23). He was tried before a jury, which found him guilty of driving with a suspended license and driving with an improper class license. The jury acquitted him on the remaining two counts. He appeals only the judgment of conviction and sentence entered on the jury's verdict of guilty of driving with a suspended license.

"In order to establish the offense of driving with a suspended license, the State must show that the accused was driving, that his license was suspended, and that the accused had received actual or legal notice of the suspension. [Cits.]" *Arnold v. State*, 189 Ga. App. 900, 901 (1) (377 SE2d 918) (1989). In his sole enumeration of error, Farmer raises the general grounds, contending specifically that the State failed to prove he received actual or legal notice that his license was suspended, which is an essential element of the offense. *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980).

A review of the record in this case leaves little doubt that it is entirely possible, even probable, that Farmer was, indeed, aware of his license suspension. But here, as in every criminal prosecution, the State must prove every element of its case beyond a reasonable doubt. We are constrained to agree with Farmer that the evidence presented in this case falls short of establishing beyond a reasonable doubt that at the time of the accident Farmer had received either actual or legal notice that his license had been suspended.

The evidence presented by the State in this regard consisted entirely of testimony from the arresting officer, Trooper M. T. Dukes of the Georgia State Patrol, who responded to the call following the collision between the tractor-trailer truck driven by Farmer and another car on February 23, 1992. Dukes testified that upon request, Farmer produced his driver's license, which Dukes observed had expired on November 8, 1991. Dukes then ran a license check by calling his dispatcher, who checked the license on the computer. Id. The

dispatcher's computer check showed three suspensions of Farmer's driver's license.

Dukes testified the information he received from the dispatcher was that Farmer's license was suspended on October 22, 1990, and again on March 11, 1991, for insurance cancellation, and on February 17, 1991, under the Safety Responsibility Act when he was involved in another accident and the damages had not been taken care of. Dukes testified that Farmer's license was "currently under suspension at the time of this accident . . . for insurance cancellation" under the March 1991 suspension. When asked whether Farmer had been served notice of the suspension, however, Dukes responded only that Farmer was served notice "on the safety responsibility suspension . . . on January 19, 1991."

Even were we to assume that Dukes's testimony constitutes proof that Farmer received actual notice of the suspension under the Safety Responsibility Act, Farmer was not charged under OCGA § 40-9-8 with operating a vehicle during a license suspension under the Motor Vehicle Safety Responsibility Act. He was charged under OCGA § 40-5-121 with driving during a license suspension for insurance cancellation. The State introduced no documentary evidence of any of the license suspensions or of notice to Farmer.

Farmer took the stand and testified that he had no knowledge that his license was suspended until the night of the collision in issue. His expired license was taken from him at that time. Several days later, he "had it taken care of and had [his] license renewed."

Contrary to the State's argument, *Arnold v. State*, supra, does not support its argument that the fact that Dukes informed Farmer at the scene after the accident that his license had been suspended constitutes sufficient actual notice to Farmer that his license had been suspended. The State misconstrues *Arnold*. In that case, the defendant had been told by a police officer during a *prior* stop in 1986 that his license was suspended. The same defendant was stopped again the following year, and he was charged with driving with a suspended license. On appeal, this court held because Arnold had been informed during the *first* stop that his license had been suspended, the defendant then had actual knowledge of that fact at the time of the *second* stop. Here, the information imparted by Dukes after the accident cannot serve to establish that at the time of the accident Farmer was driving after receiving actual or legal notice of the suspension.

"[A]bsent proof by the State of actual or legal notice to the defendant a conviction for [driving with a suspended license] cannot be sustained." *Sumner v. State*, 184 Ga. App. 374, 375 (361 SE2d 536) (1987). Accordingly, Farmer's conviction for driving with a suspended license must be reversed.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 22, 1996.

*Robert W. Lavender*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, Kathleen R. Johnson, Assistant District Attorney*, for appellee.