## A97A0959. TOLBERT v. THE STATE.
### (490 SE2d 183)

RUFFIN, Judge.

In a bench trial, Floyd Tolbert was convicted of driving with a revoked or suspended license in violation of OCGA § 40-5-121. Because the State did not present admissible evidence showing Tolbert's license was suspended and showing that he had been notified of that suspension, we reverse.

We agree with Tolbert that the State produced no admissible evidence showing the status of his license or showing that he had been notified his license was suspended. At trial, an employee of the Coweta County Solicitor's Office testified that she had physically obtained a copy of Tolbert's driving history from the State Patrol office. She identified this document, and the State tendered it. Tolbert objected on several grounds, including his assertion that the record was not certified and, therefore, hearsay. The trial court overruled the objection and also overruled Tolbert's motion for directed verdict based on the State's failure to prove that he had notice of the license suspension.

Although the document at issue reflects that Tolbert's license

was suspended and that he was notified of the suspension, this document was hearsay and without probative value because the State failed to lay a foundation for its admission. Under OCGA § 24-3-17, a driving history such as this may be admitted if the State (a) shows it is a certified copy of a Department of Public Safety record or (b) proves the driving record was obtained from a computer terminal lawfully connected to the Georgia Crime Information Computer. Here, the State proved neither of the requisite foundational facts. See *Tipton v. State*, 213 Ga. App. 764 (2) (445 SE2d 860) (1994); *Waters v. State*, 210 Ga. App. 305, 306-307 (1) (436 SE2d 44) (1993). Citing *Duckworth v. State*, 223 Ga. App. 250, 255 (4) (477 SE2d 336) (1996), the State argues that Tolbert's failure to have a license on his person at the time of the traffic stop created a "rebuttable presumption" that he had no valid license. *Duckworth*, however, involves a statutory presumption created by OCGA § 40-5-29 (b) and has no application to the offense with which Tolbert was charged. Therefore, because the State did not present admissible evidence showing that Tolbert's license had been suspended or that he had been notified of his license suspension, the evidence is insufficient to support his conviction. *Farmer v. State*, 222 Ga. App. 591, 592 (474 SE2d 760) (1996).

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1997.

*Saia & Richardson, Joseph J. Saia*, for appellant.
*John H. Cranford, Solicitor*, for appellee.