## A98A2348. EPPINGER v. THE STATE.
(512 SE2d 320)

ANDREWS, Judge.

James E. Eppinger appeals from the judgment entered on his conviction for driving with a suspended license, contending that the evidence of notice to him was insufficient. Because we find the evidence more than sufficient, we affirm.

We note that, because the recording equipment malfunctioned at trial, there is no transcript and the parties have stipulated that "the issue this court is to decide is whether the notice which was provided to [Eppinger] was sufficient to inform him that his license was suspended, as evidenced by properly admitted exhibits 1, 2, and 3."

The exhibits were his driver's license history report which showed that Eppinger's license was suspended on September 12, 1996 for a June 20, 1996 DUI, Uniform Traffic Citation charging DUI on June 20, 1996 and Eppinger's plea of guilty and resulting sentence, and the Department of Public Safety Notice of Suspension and Service By Court dated September 12, 1996. Eppinger was charged with driving with a suspended license on May 30, 1997.

It is this third document which Eppinger contends was legally insufficient as notice because it states that he is notified "as provided by Georgia Law the following offense(s) will result in suspension of your driver's license upon conviction for the following offense(s): DUI." The argument is that, since there is nothing after this date indicating he was given separate notice of his suspension, the evidence was insufficient.

Such an argument, however, overlooks the fact that, upon conviction of OCGA § 40-6-391 (DUI), "[t]he driver's license of any person convicted . . . shall by operation of law be suspended." OCGA § 40-5-63 (a). " 'It thus appears that the legislature intended OCGA § [40-5-63 (a)] to effectuate suspension or revocation automatically upon a conviction for DUI, the notice being the trial for violation of OCGA § 40-6-391; i.e., notice "by operation of law." ' *Hale v. State*, 188 Ga. App. 524, 525 (1) (373 SE2d 250) (1988)." *Payne v. State*, 209 Ga. App. 780, 781 (1) (434 SE2d 543) (1993).

Additionally, Eppinger's driver's license history also was sufficient to show the requisite notice. *Arnold v. State*, 189 Ga. App. 900 (1) (377 SE2d 918) (1989).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1999 —

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.

*Steven L. Harris, Solicitor, Lura Landis, Assistant Solicitor*, for appellee.