## A00A1693. BUCKLEY v. THE STATE.
### (540 SE2d 292)

RUFFIN, Judge.

Following a bench trial, Catrina M. Buckley was found guilty of driving with a suspended license in violation of OCGA § 40-5-121.[1] On appeal, she argues, among other things, that the State failed to prove that her license was suspended. We agree and reverse.

At trial, Trooper B. A. Brewton of the Georgia State Patrol stated[2] that she stopped Buckley for speeding on July 20, 1999. Brewton ran a computer check on Buckley, which apparently showed that Buckley's license had been suspended on September 8, 1997, for driving with no proof of insurance. Brewton then ticketed Buckley for driving with a suspended license in violation of OCGA § 40-5-121. In the "Remarks" section of the Uniform Traffic Citation, Brewton wrote, "No Proof of Insurance Suspension on 9/08/97."

Buckley denied that she was aware of any suspension, and she claimed that the Department of Public Safety issued her a renewal license after the alleged suspension date. The State apparently gave the trial court a copy of Buckley's Driver's License History Report showing that her license had, in fact, been suspended, but that report was not admitted into evidence. The court engaged in an extended colloquy with the attorneys, Trooper Brewton, and Buckley as to the reason for the alleged suspension, which apparently was not clear from the history report. Ultimately, the court stated: "[B]ased on the evidence, Ms. Buckley, I'm going to have to determine that technically you were driving with a suspended license at that time,

---

[1] She was also found guilty of driving with no proof of insurance and driving without a seat belt, but she does not appeal those convictions.

[2] It appears from the transcript that Trooper Brewton was never sworn as a witness.

although there was a great deal of confusion about it."

In order to establish the offense of driving with a suspended license, "the State must show that the accused was driving, that [her] license was suspended, and that the accused had received actual or legal notice of the suspension."[3] Here, the State failed to prove that Buckley's license was suspended.

The State notes that "[a Georgia Crime Information Center] driver's license history was provided for the presiding judge." Such history is admissible to show the fact of suspension, but only if the State tenders a certified copy of a Department of Public Safety record or proves that the driving record was obtained from a computer terminal lawfully connected to the GCIC computer.[4] The record does not show that the State satisfied this foundational requirement, or that it even offered Buckley's driving history into evidence.[5]

Trooper Brewton's statement at trial that her computer check of Buckley revealed a suspended license also fails to establish the fact of suspension. This unsworn representation as to the contents of Buckley's driving record does not qualify as "evidence."[6] To hold otherwise would eviscerate the foundational requirement outlined above for properly admitting a driving record into evidence. Finally, the Uniform Traffic Citation, on which Brewton wrote that Buckley's license was suspended, cannot be used as evidence of her guilt.[7]

In the absence of any evidence that Buckley's license was suspended, we reverse her conviction for driving with a suspended license.[8] In light of this result, we need not address Buckley's remaining claims of error.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 11, 2000.

*Barbara J. Nelson*, for appellant.
*Wensley Hobby, Solicitor*, for appellee.

---

[3] (Punctuation omitted.) *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996).

[4] See *Tolbert v. State*, 227 Ga. App. 647, 648 (490 SE2d 183) (1997).

[5] The State attaches a copy of Buckley's driving history to its appellate brief, but that history is not part of the record and we cannot consider it. "[P]arties cannot supplement the record merely by attaching matters to or reciting matters in their briefs." (Punctuation omitted.) *Smalls v. State*, 242 Ga. App. 39 (1) (528 SE2d 560) (2000).

[6] See *State v. Bartel*, 223 Ga. App. 696, 697 (479 SE2d 4) (1996) (unsworn statements not evidence in criminal cases); *Tipton v. State*, 213 Ga. App. 764, 765 (2) (445 SE2d 860) (1994) (unauthenticated driving record inadmissible).

[7] See *Graves v. State*, 269 Ga. 772, 774 (3) (504 SE2d 679) (1998).

[8] See *Tolbert*, supra.