A01A2017. WORTHY v. THE STATE.
(557 SE2d 448)

RUFFIN, Judge.

Following a bench trial, the trial court found James Worthy guilty of driving with a suspended license. Worthy appeals, arguing

---

that the trial court improperly admitted evidence. He also challenges the sufficiency of the evidence. For reasons that follow, we affirm.

1. Worthy argues that the trial court erroneously admitted into evidence a computerized printout of his driving record. Under OCGA § 24-3-17, a driving record is admissible "if the State (a) shows it is a certified copy of a Department of Public Safety record or (b) proves the driving record was obtained from a computer terminal lawfully connected to the Georgia Crime Information [Center]."[1]

The State did not produce a certified copy of Worthy's driving record at trial. Instead, it called Phyllis Holloway, the solicitor-general's office investigator who obtained the record, as a witness. According to Holloway, she retrieved Worthy's record through a computer connected to the Georgia Crime Information Center ("GCIC"), which she was specifically trained, certified, and authorized to access. She then printed the information from her computer. Holloway identified the computerized printout at trial, and the trial court admitted it into evidence over Worthy's foundational objection.

On appeal, Worthy contends the State failed to meet the foundational requirements of OCGA § 24-3-17 (b) because "there was no testimony that the computer [used by Holloway] was 'lawfully' connected to the [GCIC]." As an initial matter, Worthy failed to preserve this objection below. "Because 'lack of foundation' has no single defined meaning, an objection of 'lack of foundation' generally is of little or no use to a trial judge."[2] To properly make and preserve this objection, therefore, the party "must specify the foundational element he contends is lacking."[3] At trial, Worthy argued that the State had not laid "a proper legal foundation" for admission of his driving history. He never specified, however, that the missing foundational element was evidence of a "lawful" connection to the GCIC.

Furthermore, even if Worthy's objection was adequate, we find no error in the driving record's admission. The State offered evidence that Holloway, an investigator with the solicitor's office, was trained and authorized to access the driving record and that she retrieved the information through a computer connected to the GCIC. Under these circumstances, there is, at the very least, circumstantial evidence that the connection was lawful. Thus, we cannot say that the trial court abused its discretion in admitting the record.[4] And although Worthy challenged Holloway's training and credibility, the

---

[1] *Tolbert v. State*, 227 Ga. App. 647, 648 (490 SE2d 183) (1997).

[2] *Tolver v. State*, 269 Ga. 530, 532 (2) (500 SE2d 563) (1998).

[3] Id.

[4] See *Pless v. State*, 247 Ga. App. 786, 787 (2) (545 SE2d 340) (2001) (quantum of evidence necessary to meet foundational requirements for admission of photograph "is a matter within the sound discretion of the trial court").

trial court was charged with resolving credibility issues and clearly decided Worthy's challenge against him.[5]

The State presented sufficient evidence that Holloway's connection to the GCIC was "lawful," as required by OCGA § 24-3-17 (b). Accordingly, the trial court did not err in admitting Worthy's driving record into evidence.[6]

2. Worthy also argues that the trial court improperly permitted Holloway to testify about the contents of his driving record. He first claims that this testimony should have been excluded because the State did not lay the foundation necessary to admit the driving record into evidence. In Division 1, however, we rejected that argument. He further contends that the trial court should not have allowed Holloway to interpret the driving record because the State "failed to lay a foundation that [she] was qualified" to do so.

Worthy raised two foundational objections to Holloway's testimony about his driving record. He challenged her qualifications to access the GCIC and argued that the State did not meet the requirements of OCGA § 24-3-17. But Worthy never questioned or objected to Holloway's ability to *interpret* the driving history or provide information about the procedures used to create and update it. In fact, Worthy questioned Holloway regarding that record, apparently conceding her ability to interpret the document. "If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground. Otherwise, this court will not consider it."[7]

3. Worthy argues that the State's use of his driving record, as well as Holloway's testimony about it, deprived him of his Sixth Amendment right to confrontation. Worthy has not pointed to any evidence that he raised an objection on this ground, and we have found none. As noted above, we "will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court."[8]

4. Finally, Worthy argues that the evidence was insufficient to support his conviction for driving with a suspended license. To establish this offense, "the State must show that the accused was driving, that his license was suspended, and that the accused had received

---

[5] See *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001).

[6] See *Jackson v. State*, 228 Ga. App. 877, 878 (1) (492 SE2d 897) (1997); cf. *Tolbert*, supra at 647-648 (evidence that solicitor's office employee "physically obtained a copy of [the defendant's] driving history from the State Patrol office" did not meet foundational requirements); *Tipton v. State*, 213 Ga. App. 764, 765 (2) (445 SE2d 860) (1994) (prosecutor's assertion, without evidence, that driving record was obtained from a computer lawfully connected to the GCIC did not establish an adequate foundation under OCGA § 24-3-17 (b)).

[7] (Punctuation omitted.) *Williams v. State*, 248 Ga. App. 316, 320 (2) (546 SE2d 74) (2001).

[8] (Punctuation omitted.) *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275) (1993).

actual or legal notice of the suspension."[9]

Viewed in the light most favorable to the verdict,[10] the evidence showed that Worthy was driving on June 14, 2000, when a police officer stopped his car. The officer checked the status of Worthy's driver's license, learned that it had been suspended, and cited Worthy for driving with a suspended license.

Worthy's driving record revealed that, on April 5, 2000, the State convicted him of driving under the influence and suspended his license. The driving record further showed that Worthy received notice of the suspension on April 5, 2000. Interpreting the driving record, Holloway confirmed that Worthy received notice on April 5, 2000, and testified that his license was not reinstated prior to the June 14, 2000 citation for driving with a suspended license. This evidence was sufficient to support Worthy's conviction.[11]

We recognize that Worthy's driving record references a license reinstatement on April 7, 2000, two days after the DUI suspension. The record shows that Worthy's license had been previously suspended for a failure to appear in court. On April 7, 2000, he managed to have his "failure to appear" suspension lifted. Nevertheless, Worthy's April 5, 2000 DUI conviction resulted in a 12-month license suspension under OCGA § 40-5-63 (a) (1). Although that statute permitted him to apply for reinstatement after 120 days, Worthy could not seek reinstatement until the 120-day period expired.[12]

Just *two days* after his DUI conviction, the State lifted Worthy's suspension for failure to appear. That reinstatement did not nullify the DUI suspension, which, by statute, would last at least 120 days.[13] "Administrative lapses notwithstanding, the fact that [Worthy] had [his] driver's license [reinstated] did not give him permission to drive[ ] in contravention of [OCGA § 40-5-63 (a) (1)]."[14] And, "[i]gnorance of the laws to this effect excuses no one."[15] Accordingly, the trial court was authorized to conclude that Worthy's driving priv-

---

[9] (Punctuation omitted.) *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996).

[10] See *Matheson*, supra at 200.

[11] See *Eppinger v. State*, 236 Ga. App. 426 (512 SE2d 320) (1999); see also *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000) (driving history admissible to show fact of suspension if State meets foundational requirements under OCGA § 24-3-17).

[12] See OCGA §§ 40-5-63 (a) (1); 40-5-65; *Payne v. State*, 209 Ga. App. 780, 781-782 (1) (434 SE2d 543) (1993) (physical precedent only).

[13] See OCGA § 40-5-63 (a) (1).

[14] (Punctuation omitted.) *Payne*, supra at 782 (1); see also *Grisson v. State*, 237 Ga. App. 559, 560 (1) (515 SE2d 857) (1999) (quoting *Payne*).

[15] (Punctuation omitted.) *Grisson*, supra at 561 (1); see also *Payne*, supra ("It may be said that appellant did not intend to violate the law, and did not know that he was doing so. The reply is that OCGA § 1-3-6 declares that 'Laws after promulgation are obligatory upon all inhabitants of this state, and ignorance of the law excuses no one.'") (punctuation omitted).

ileges had not been reinstated and that he drove on June 14, 2000, with a suspended license.[16]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2001.

*Terry Grandison, Lawanda J. O'Bannon,* for appellant.

*Joseph J. Drolet, Solicitor-General, Brian K. Ross, Assistant Solicitor-General,* for appellee.