## A06A0013. WILSON v. THE STATE.
### (629 SE2d 110)

MIKELL, Judge.

After a jury trial, Shelton Tonez Wilson was convicted of driving with a suspended license, a misdemeanor, and sentenced to twelve months, six to serve in confinement and the remainder on probation. On appeal, Wilson challenges the sufficiency of the evidence, arguing

that the state failed to prove that his license was suspended on the day in question. We disagree and affirm.

As recognized in cases such as *Shabazz v. State*,[1] on appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2]

So viewed, the record shows that Julian Mack, an assistant solicitor-general in Troup County State Court, testified that Wilson's driver's license was suspended on May 19, 2004, and that he gave Wilson a document entitled "Official Notice of Revocation/Suspension Service by Court" on that day. Mack further testified that Wilson signed the document that day in his presence; that he would have explained to Wilson that the document constituted notice to him that his license was suspended; that the form provides that the length of suspension will be determined by the Department of Public Safety (the "Department"); and that the Department would notify Wilson of the length of the suspension at the address he provided on the form.

Sergeant Shannon Duncan of the West Point Police Department testified that while patrolling on July 16, 2004, she observed Wilson driving; that she knew that Wilson's license was suspended; that she turned her patrol car around to follow the vehicle and that when she approached it from behind, someone else was driving. Duncan further testified that she engaged in a discussion with Wilson, which was recorded by the video camera in her patrol car. The videotape was played for the jury. Duncan testified that Wilson admitted that he was not supposed to be driving at least two times during their discussion. Because Wilson did not have a license in his possession, Duncan issued him a citation for driving unlicensed. Duncan later confirmed that Wilson's license was indeed suspended and wrote him a citation for driving with a suspended license.

"In order to establish the offense of driving with a suspended license, the State must show that the accused was driving, that his license was suspended, and that the accused had received actual or legal notice of the suspension."[3] Relying on *Buckley v. State*,[4] Wilson argues that the state failed to prove that his license was suspended on the day in question. In *Buckley*, the state submitted a Georgia Crime Information Center (GCIC) driver's license history to the presiding judge, but the report was not admitted into evidence. We held that

---

[1] 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citations omitted.) *Arnold v. State*, 189 Ga. App. 900-901 (1) (377 SE2d 918) (1989). Accord *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996). See also OCGA § 40-5-121 (a).

[4] 246 Ga. App. 342 (540 SE2d 292) (2000).

"[s]uch history is admissible to show the fact of suspension, but only if the State tenders a certified copy of a Department of Public Safety record or proves that the driving record was obtained from a computer terminal lawfully connected to the GCIC computer."[5] However, this does not mean that the only way the state can prove the suspension element of the offense is through the admission of a properly authenticated driving record. The only other evidence of the suspension offered in *Buckley* was the patrol officer's testimony that her computer check of the defendant revealed a suspended license, which was inadmissible because it constituted an unsworn representation of the contents of the defendant's driving record.[6]

In the instant case, Mack testified that Wilson's license was suspended and that he received notice of the suspension, Duncan testified that Wilson was driving, and Wilson admitted that he was not supposed to be driving.[7] Though Wilson's admission was an out-of-court statement, "a defendant's incriminating statement is admissible when it constitutes an admission against the defendant's penal interest."[8] Therefore, viewed most favorably to the verdict, we find that the evidence sufficiently establishes the elements of the offense beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 23, 2006.

*Head, Thomas, Webb & Willis, Jackie G. Patterson*, for appellant.
*Nina M. Baker, Solicitor-General*, for appellee.

---

[5] (Footnote omitted.) Id. at 343.

[6] Id.

[7] See *Noeske v. State*, 181 Ga. App. 778, 779 (1) (353 SE2d 635) (1987) (motorist's admission that his license was suspended was sufficient to support his conviction).

[8] (Citations omitted.) *Stanford v. State*, 272 Ga. 267, 270 (4) (528 SE2d 246) (2000) (police officer was allowed to testify as to statements made by the defendant against his penal interest).