## A07A1994. THE STATE v. FULLER.
### (656 SE2d 902)

MIKELL, Judge.

Following a bench trial before the Floyd County Probate Court, August Brooke Fuller was convicted of driving with a suspended license in violation of OCGA § 40-5-121. Fuller appealed to the superior court, which reversed. The state appeals, and we affirm because a driver whose license is suspended for accumulation of points must be notified of the suspension before he or she may be convicted of driving with a suspended license.

The few facts, which were stipulated by counsel, show that Fuller was cited for speeding and driving with a suspended license on August 17, 2006. Fuller's counsel acknowledged that she had accumulated sufficient points against her license for purposes of OCGA § 40-5-57 to have triggered a suspension. Fuller's counsel also admitted that, based on a certified copy of her driving record, the information available to the citing officer showed her license to be suspended.[1] The state did not contend that Fuller had notice of the license suspension, and there was no evidence that the Department of Driver Services (the "Department") had attempted to notify Fuller of her license suspension by mail or otherwise.

The probate court found Fuller guilty of speeding and operating a motor vehicle with a suspended license.[2] Fuller appealed to the superior court, contesting only her driving-with-suspended-license conviction.[3] The superior court reversed the conviction because Fuller was not given notice of her license suspension. The state contends on appeal that the superior court erred in reversing Fuller's conviction because the statute mandating her license suspension, OCGA § 40-5-57, did not require notice of the suspension, and because she had received notice by operation of law. We disagree.

OCGA § 40-5-121 (a) provides in pertinent part that "any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended, disqualified, or revoked shall be guilty of a misdemeanor." This is a strict liability statute, and the state need not prove criminal intent.[4] However, notice is required

---

[1] The certified copy of Fuller's driving record is not in the appellate record, and apparently was never admitted into evidence.

[2] OCGA § 40-5-121.

[3] See OCGA §§ 15-6-8 (3); 40-13-28; *Walton v. State*, 261 Ga. 392, 393-394 (2) (405 SE2d 29) (1991). The appeals of traffic cases to superior court are not de novo proceedings; rather, "the mandate of the superior courts is to review asserted errors of law in the proceedings below under general appellate principles." Id. at 394 (2).

[4] *King v. State*, 226 Ga. App. 576, 581 (2) (a) (486 SE2d 904) (1997), rev'd on other grounds, 270 Ga. 367 (509 SE2d 32) (1998) ("driving with a suspended license after proper notification

by OCGA § 40-5-60, which provides that "[a]ll revocations and suspensions provided for in this chapter shall be effective on the day the driver receives actual knowledge or legal notice thereof, whichever occurs first. Notice of suspension by operation of law shall be considered legal notice."

Fuller's license was suspended by the Department for an excessive "violation point count" under OCGA § 40-5-57.[5] Under this statute, the suspension period may begin as soon as the Department processes a conviction or citation,[6] and notice to the license holder is not specifically required.[7] The state contends that it was therefore not required to prove notice, either actual or legal, to show that Fuller was guilty of driving with a suspended license. However, the notice contemplated by OCGA § 40-5-60 applies to *"[a]ll . . . suspensions provided for in this chapter."*[8] Suspensions under OCGA § 40-5-57 fall within this class and are not excepted from the general rule. Thus without proof by the state of actual or legal notice to Fuller of her license suspension, her conviction under OCGA § 40-5-121 cannot be sustained.[9] Accordingly, we find no merit in the state's argument.

The state also contends that Fuller received notice of her license suspension by operation of law. As noted above, OCGA § 40-5-60 provides that "[n]otice of suspension by operation of law shall be considered legal notice." We have found that a driver's trial and conviction of a crime which mandated suspension of his license by operation of law provided sufficient legal notice to support his subsequent conviction for driving with a suspended license.[10] But OCGA § 40-5-57 does not provide that a suspension under the statute is by "operation of law," whereas that term is expressly mentioned in other

---

from the Department of Public Safety, in violation of OCGA § 40-5-121 (a), is proscribed by that class of certain 'strict criminal liability' motor vehicle safety statutes").

[5] OCGA § 40-5-57 (c) (1) (B).

[6] "The periods of suspension provided for in this Code section shall begin on the date the license is surrendered to and received by the department, from the date a license is surrendered to a court under any provision of this chapter, or on the date that the department processes the citation or conviction, whichever date shall first occur." OCGA § 40-5-57 (e).

[7] The statute does speak to notice as to the assessment of points, but not to the actual suspension. "Notice of each assessment of points may be given, but the absence of notice shall not affect any suspension made pursuant to this Code section." OCGA § 40-5-57 (b).

[8] (Emphasis supplied.)

[9] See *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980); *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000); *Kovacs v. State*, 227 Ga. App. 870, 872 (2) (490 SE2d 539) (1997); *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996); *Arnold v. State*, 189 Ga. App. 900 (1) (377 SE2d 918) (1989); *Hale v. State*, 188 Ga. App. ·524, 524-525 (1) (373 SE2d 250) (1988); *Sumner v. State*, 184 Ga. App. 374, 375 (361 SE2d 536) (1987).

[10] See *Hale*, supra, 188 Ga. App. at 525-526 (1). Compare *Hyde v. State*, 205 Ga. App. 754, 756 (1) (424 SE2d 39) (1992) (statute did not provide for notice of operation of law for license suspension as habitual violator; rather, OCGA § 40-5-58 (b) provided method of notice).

Code provisions governing license suspensions.[11] Rather, a suspension under OCGA § 40-5-57 requires action by the Department in addition to the tabulation of the violation point count: "the department is authorized to suspend the license of a driver";[12] "the department is required to suspend the license of a driver";[13] "[t]he commissioner shall suspend the driver's license of any person."[14] As OCGA § 40-5-57 does not allow license suspension by operation of law, it follows that Fuller did not receive legal notice of her license suspension by reason of its suspension by operation of law.

The State also relies on *Hale v. State*, in which we wrote:

> The term "legal notice" has been referred to as the same as "constructive notice." Constructive notice is information or knowledge of a fact imputed by law because the fact could have been discovered by proper diligence and the situation was such as to cast upon a person the duty to inquire into it.[15]

The notice to the license holder in *Hale* was "the trial for violation of OCGA § 40-6-391; i.e., notice 'by operation of law.' "[16] Here, there is no evidence that Fuller had notice of any type that her license had been suspended, or was even going to be suspended. The state argues that "Ms. Fuller had to be repeatedly stopped by law enforcement, issued citations, attended her court dates, entered pleas of guilty, [and] been required to pay fines and fees," which eventually resulted in her license being suspended. This might be true, but is ultimately no more than speculation in light of the absence of facts in the record. The evidence does not show the proof of notice beyond a reasonable doubt required to support Fuller's conviction for driving with a suspended license.[17]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 24, 2008.

*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellant.

---

[11] Compare OCGA § 40-5-75 (addressing suspensions of licenses by operation of law).

[12] OCGA § 40-5-57 (a).

[13] OCGA § 40-5-57 (b).

[14] OCGA § 40-5-57 (c) (1) (B).

[15] (Citations and punctuation omitted.) Supra at 525 (1).

[16] Id.

[17] See *Farmer*, supra, 222 Ga. App. at 591 (although probable or even likely that defendant was aware of his license suspension, state failed to establish actual or legal notice of the suspension beyond a reasonable doubt).