**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0072. HINES v. THE STATE.

DILLARD, Chief Judge.

Leon Hines appeals his convictions for possession of cocaine, fleeing or attempting to elude a police officer, and driving with a suspended license. Specifically, he argues that the trial court erred by admitting his driving record into evidence and giving an improper jury charge. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on December 20, 2015, at around 2:30 a.m., a sergeant with the Covington Police Department was on patrol when he noticed a car traveling south without working headlights. The sergeant, who was also traveling south, pulled alongside the car at a

---

[1] *See, e.g.*, *Morris v. State*, 340 Ga. App. 295, 295 (797 SE2d 207) (2017).

red light to give the driver—later identified as Hines—a verbal warning to turn on his headlights. When the sergeant looked at Hines, who already had his window down, he noticed that his "eyes were real tired looking and saggy." Additionally, when Hines responded to the sergeant, his "speech was very, very slurred, so impaired." And believing that Hines might be under the influence of alcohol or drugs, the sergeant followed him when the light turned green and attempted to initiate a traffic stop. But when the sergeant activated his blue lights and sirens, Hines did not stop even though he had opportunities to do so.

Eventually, after the sergeant followed Hines for roughly two and a half miles past several businesses where he could have pulled over and through a residential neighborhood, Hines stopped his vehicle at the backside of a subdivision in a cul-de-sac. Hines then remained inside his car for "a period of time," which was "very alarming." The sergeant and other officers on the scene drew their service weapons, and Hines eventually exited his vehicle. At this point, the officers could clearly smell that Hines was "under the influence of an intoxicant." As a result, the sergeant searched Hines's vehicle for any open containers of alcohol or intoxicants "as large as a liquor bottle or as small as a pill." And during the search, the sergeant discovered

2

a cigarette box with a baggy of powdered cocaine inside of it. Additionally, a check on Hines's vehicle revealed that his driver's license had been suspended.

Subsequently, Hines was charged, via accusation, with possession of cocaine, fleeing or attempting to elude an officer, driving under the influence less safe, and driving with a suspended license. Following a jury trial, Hines was acquitted of the DUI charge, but convicted of all other charged offenses. Hines then obtained new counsel and filed a motion for a new trial, which was ultimately denied. This appeal follows.

1. Hines first argues that the trial court erred in admitting evidence of his Mississippi driving record, which revealed his prior DUI conviction, because it was unduly prejudicial. We disagree.

A trial judge has broad discretion to determine what evidence will be admitted for review by a jury, and such evidentiary decisions will not be disturbed on appeal absent an abuse of discretion.[2] But here, while Hines challenged the admissibility of other aspects of his driving record, he never argued to the trial court that his prior DUI conviction should be excluded as unduly prejudicial. Nevertheless, under Georgia's "new" Evidence Code, the rulings related to this evidence are "subject to

---

[2] *See Moreno v. State*, 251 Ga. App. 352, 352 (1) (553 SE2d 387) (2001).

review on appeal for plain error affecting substantial rights."[3] And as explained by the Supreme Court of Georgia, "many provisions of the new Evidence Code were borrowed from the Federal Rules of Evidence, and when our courts consider the meaning of these provisions, they look to decisions of the federal appeals courts construing and applying the Federal Rules, especially the decisions of the Eleventh Circuit."[4]

In reviewing trial court rulings for plain error, the Eleventh Circuit applies a four-pronged standard, which our Supreme Court has adopted.[5] First, there must be an "error or defect—some sort of deviation from a legal rule—that has not been

---

[3] *Gates v. State*, 298 Ga. 324, 326 (3) (781 SE2d 772) (2016) (punctuation omitted); *see* OCGA § 24-1-103 (d) ("Nothing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such errors were not brought to the attention of the court.").

[4] *Gates*, 298 Ga. at 326-27 (3) (punctuation omitted).

[5] *See id.* at 327 (3) (noting that our Supreme Court has adopted the plain-error test articulated in *Puckett v. United States*, 556 U.S. 129, 135 (II) (129 SCt 1423, 173 LE2d 266 (2009), which is also the test used by the Eleventh Circuit); *United States v. Shelton*, 400 F3d 1325, 1328 (II) (11th Cir. 2005) (explaining that, because the defendant did not raise issues in the trial court, the appellate court reviews the defendant's claims only for plain error); *United States v. Rodriguez*, 398 F3d 1291, 1298 (IV) (11th Cir. 2005) ("Under plain[-]error review, . . . federal appellate courts have only a limited power to correct errors that were forfeited because they were not timely raised in the [lower] court." (punctuation omitted)).

intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant."[6]

Next, the legal error must be "clear or obvious, rather than subject to reasonable dispute."[7] Additionally, the error must have "affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings."[8] And finally, if the above three prongs are satisfied, the appellate court has "the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity[,] or

---

[6] *Gates*, 298 Ga. at 326-27 (3) (punctuation omitted); *Shelton*, 400 F3d at 1328 (II); *Rodriguez*, 398 F3d at 1298; *see United States v. Olano*, 507 U.S. 725, 732 (II) (A) (113 SCt 1770, 123 LE2d 508) (1993) ("The first limitation on appellate authority under [plain-error review] is that there indeed be an 'error.'").

[7] *Gates*, 298 Ga. at 326-27 (3) (punctuation omitted); *accord Puckett v. United States*, 556 U.S. 129, 135 (II) (129 SCt 1423, 173 LE2d 266) (2009); *see Olano*, 507 U.S. at 733 (II) (A) ("The second limitation on appellate authority under Rule 52(b) is that the error be 'plain.' 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" We need not consider the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified. At a minimum,[a] court of appeals cannot correct an error [under plain-error review] unless the error is clear under current law." (citations and punctuation omitted)).

[8] *Gates*, 298 Ga. at 326-27 (3) (punctuation omitted);*accord Puckett*, 556 U.S. at 135 (II); *see Olano*, 507 U.S. at 733 (II) (A) ("The third and final limitation on appellate authority under [plain-error review] is that the plain error affect substantial rights. . . .[I]n most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.").

public reputation of judicial proceedings."[9] Importantly, under plain-error review, the defendant "bears the burden of persuasion with respect to prejudice, and must affirmatively show that the error probably [affected] the outcome below[.]"[10] This showing demands "some level of certainty and particularity."[11]

Turning to the case at hand, when the State initially attempted to tender a copy of Hines's Mississippi driving record into evidence, it revealed one prior conviction for driving with a suspended license but his prior DUI conviction was redacted. The State explained that Hines's redacted driving record was necessary to show that his license was suspended on the night in question and he had been notified of the

---

[9] *Gates*, 298 Ga. at 326-27 (3) (punctuation omitted); *accord Puckett*, 556 U.S. at 135 (II); *Olano*, 507 U.S. at 733 (II) (A) ("The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." (punctuation omitted)).

[10] *Hampton v. State*, 302 Ga. 166, 169 (2) (805 SE2d 902) (2017) (citation and punctuation omitted); *see State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017) ("[A]s our Supreme Court has emphasized, satisfying the plain-error standard is difficult, as it should be. And the burden of establishing plain error falls squarely on the defendant. (punctuation and footnote omitted)).

[11] *Hampton*, 302 Ga. at 169 (2) (punctuation omitted); *see Jones v. United States*, 527 U.S. 373, 394-395 (II) (B) (119 SCt 2090, 144 LEd2d 370) (1999) ("Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.").

suspension.[12] Hines objected, and when the court asked him to state the reason for his objection, he contended that it was "extremely prejudicial to introduce a previous license[-]suspension charge[,]" and "there are other ways that the State could have shown that he was provided notice that his license was suspended."

After further discussion regarding other potential ways the State could make this showing, the trial court stated, "it looks like under Mississippi law the suspension results from the DUI conviction, according to this driver's history, not from the suspended[-]license conviction. So [the State] may have redacted the wrong offense

---

[12] *See Wilson v. State*, 278 Ga. App. 420, 421 (629 SE2d 110) (2006) ("In order to establish the offense of driving with a suspended license, the State must show that the accused was driving, that his license was suspended, and that the accused had received actual or legal notice of the suspension." (punctuation omitted)); OCGA § 40-5-121 ("Except when a license has been revoked under Code Section 40-5-58 as a habitual violator, any person who drives a motor vehicle on any public highway of this state without being licensed as required by subsection (a) of Code Section 40-5-20 or at a time when his or her privilege to so drive is suspended, disqualified, or revoked shall be guilty of a misdemeanor for a first conviction thereof. . . . For the second and third conviction within five years, as measured from the dates of previous arrests for which convictions were obtained or pleas of nolo contendere were accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted, such person shall be guilty of a high and aggravated misdemeanor. . . . For the fourth or subsequent conviction within five years, as measured from the dates of previous arrests for which convictions were obtained or pleas of nolo contendere were accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted, such person shall be guilty of a felony. . . .").

. . . if [it's] looking to show notice." The State agreed and indicated that it would "create a new copy of [the driving record] with the correct redactions." As to altering the driving record so that only the DUI conviction was revealed, the trial court remarked, "I suspect that's not going to make [Hines] any happier[,]" and Hines responded, "No, Your Honor." Ultimately, the court concluded,

> I don't think the State has any other way to prove [notice] other than tendering a certified copy of the State of Mississippi Department of Public Safety showing [Hines's] DUI conviction[,] which resulted in his suspension, showing that his license was suspended at the time and that the reinstatement date was September 25, 2016.

Then, after a brief consultation with his attorney, Hines stated that he had "[n]othing further." Subsequently, before submitting the case to the jury at the conclusion of the trial, the trial court clarified that the version of Hines's driving record given to the jury would be the one showing his prior DUI conviction, but redacting his prior suspended-license offense. And Hines reiterated his objection to the admission of this evidence.

Before we address Hines's arguments, we begin with first principles. As recently recognized by the Supreme Court of Georgia, the current Evidence Code

8

"created a 'new evidence world' in this State."[13] Indeed, this relatively new code—which was modeled in large part on the Federal Rules of Evidence—is "far more extensive and comprehensive than the statutes it replaced . . . ."[14] And in adopting the new Evidence Code, the General Assembly directed courts to "look to the 'substantive law of evidence in Georgia as it existed on December 31, 2012,' only when not displaced by the new code" that took effect on January 1, 2013."[15] Suffice it to say, the current Evidence Code radically changed the jurisprudential landscape in Georgia.

Relevant to this case, under the new Evidence Code, the rules on "Relevant Evidence and Its Limits" are found in Chapter 4.[16] And OCGA § 24-4-401 ("Rule 401") provides that "relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

---

[13] *State v. Orr*, ___ Ga. ___, slip op. at 17 (3) (Case No. S18G0994; decided May 6, 2019) (punctuation omitted).

[14] *Id.* (punctuation omitted).

[15] *Id.* (punctuation omitted); *See also* OCGA § 24-1-2 (e) ("Except as modified by statute, the common law as expounded by Georgia courts shall continue to be applied to the admission and exclusion of evidence and to procedures at trial." (emphasis added)).

[16] *See Orr*, ___ Ga. ___, slip op. at 18 (3) (punctuation omitted).

9

action more probable or less probable than it would be without the evidence."[17] Furthermore, under OCGA § 24-4-402 ("Rule 402"), all relevant evidence shall be admissible, "except as limited by constitutional requirements or as otherwise provided by law or by other rules, as prescribed pursuant to constitutional or statutory authority, applicable in the court in which the matter is pending."[18] And, of course, Rule 402 also provides that "[e]vidence which is not relevant shall not be admissible."[19]

---

[17] *See* Ronald L. Carlson and Michael Scott Carlson, *Carlson on Evidence*, p. 92 (6th Ed. 2018) ("Under the Federal Rules of Evidence, the standard for relevance is 'extremely [forgiving].' An unduly restrictive view of relevance is incompatible with this standard. . . . Rule 401 is a clear statutory preference for jurors to hear all admissible and helpful evidence because there is a correlation between the amount of information admitted and the accuracy of verdicts." (punctuation and footnotes omitted)).

[18] *See* Carlson *supra* p. 98-99 ("The federal courts are extremely restricted in their ability to exclude relevant evidence absent some statutory, rule-based, or constitutional authority to do so. Under Federal Rule of Evidence 402, relevant evidence, then, is presumptively admissible. Absent a specific statute or rule excluding relevant evidence, Rule 402 requires resort to Rule 403[,] [detailed *infra*,] to exclude it." (punctuation and footnotes omitted)).

[19] *See Orr*, ___ Ga. ___, slip op. at 18 (3) ("Rule 402[ ] then says that relevant evidence is admissible unless a specific exception applies: All relevant evidence shall be admissible, except as limited by constitutional requirements or as otherwise provided by law or by other rules, as prescribed pursuant to constitutional or statutory authority, applicable in the court in which the matter is pending. (punctuation omitted)).

Morever, as explained by our Supreme Court, many "other rules" in the new Evidence Code "embody legislative policy decisions about the risks of prejudice associated with certain categories of evidence, including the 15 rules in Chapter 4 that authorize the exclusion of certain specific types of evidence."[20] But only *one* rule, authorizes the "exclusion of relevant evidence based on the court's evaluation of the 'prejudice' such evidence could cause: OCGA § 24-4-403 (Rule 403)."[21] Specifically, Rule 403 grants the trial court discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[22] This balancing test is codified at OCGA § 24-4-403, and while "the application of the Rule 403 test is a matter committed principally to the discretion of *the trial courts*, . . . the exclusion of

---

[20] *Orr*, ___ Ga. ___, slip op. at 18 (3), *citing* OCGA §§ 24-4-404 to 24-4-418.

[21] *Id*. at 18-19 (3).

[22] *See* Carlson *supra*, p. 99-100 ("Federal Evidence Rule 403, provides a 'narrowly circumscribed' discretion on the part of the trial court to exclude evidence on the basis of unfair prejudice. Rule 403 is considered an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence. The intended impact of the adoption of Rule 403 was intended to shift power from the appellate courts to the trial bench." (footnotes and punctuation omitted)).

11

evidence under Rule 403 is an *extraordinary remedy which should be used only sparingly*."[23]

Here, citing only to the general standard for when to exclude relevant evidence, as delineated in Rule 403 *supra*, Hines argues that his driving record was inadmissible because "[t]he knowledge that a defendant had a prior conviction for [DUI] could prejudice a juror's decision on *any* future offense."[24] But Hines provides no legal authority for this conclusory contention, and significantly, although the jury was aware that he had a prior DUI conviction, he was *acquitted* of the DUI charge *in this case*. Further, the trial court found that this evidence was the *only* means by which the State could prove that Hines's license was suspended at the time of his arrest and he was on notice of the suspension, both of which are essential elements

---

[23] *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016) (punctuation omitted); *see Orr,* ___ Ga. at slip op. at 20 ("[T]he exclusion of evidence under Rule 403 is "an extraordinary remedy" that 'should be used only sparingly to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (punctuation omitted); *United States v. Merrill*, 513 F3d 1293, 1301 (II) (B) (11th Cir.2008) ("Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence" (punctuation omitted)); *United States v. Terzado–Madruga*, 897 F2d 1099, 1119 (B) (11th Cir.1990) (explaining that, in close cases, balance under Rule 403 should be struck in favor of admissibility).

[24] (Emphasis supplied).

of driving with a suspended license.[25] Further, Hines—who refused to stipulate that he was aware of the license suspension—acknowledges that his redacted driving record was "clearly relevant" evidence to prove the elements of his offense. As explained *supra*, Rule 402 provides that all relevant evidence is admissible absent some specific statutory, rule-based, or constitutional exception excluding such elements.[26]

In sum, we reiterate that, under plain-error review, *Hines* bears the burden of persuasion with respect to prejudice, and he is required to affirmatively show that the error probably did affect the outcome below.[27] And while Hines makes vague references to other possible ways the State could have proven the notice element of driving with a suspended license other than through his driving record, he does not identify any specific evidence available in *this* case that the State could have

---

[25] *See supra* note 12; *see also State v. Fuller*, 289 Ga. App. 283, 285 (656 SE2d 902) (2008) (affirming the trial court's reversal of defendant's conviction, in probate court, for driving with a suspended license when there was no evidence that the defendant had notice of any type that her license had been suspended or was even going to be suspended); *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000) (reversing a conviction for driving with a suspended license when there was no evidence that the defendant's license was suspended).

[26] *See supra* note 19 & accompanying text.

[27] *See supra* note 10 & accompanying text.

presented to prove that element of his offense.[28] Thus, under these particular circumstances, Hines has not shown that the admission of his prior DUI offense was an error, much less a clear and obvious one, that likely affected the outcome of the trial.[29] The trial court did not plainly err, then, in admitting Hines's driving record, which revealed only his prior DUI conviction.[30]

2. Next, Hines argues that the trial court erred in giving a jury charge regarding the rebuttable presumption that the owner of a vehicle is in possession of its contents under certain circumstances. This claim likewise lacks merit.

---

[28] *See Jones v. State*, 301 Ga. 544, 547 (1) (802 SE2d 234) (2017) (noting that, *inter alia*, the probative value of evidence depends on the State's need for the evidence); *King v. State*, 338 Ga. App. 783, 787 (792 SE2d 414) (2016) (evidence of a defendant's DUI conviction was admissible when, *inter alia*, the State needed the evidence to support its case and counter the defendant's defense).

[29] *See supra* notes 6-9 and accompanying text.

[30] *See Hale v. State*, 188 Ga. App. 524, 526-27 (2) (373 SE2d 250) (1988) (holding that, when the defendant was convicted of driving with a suspended license *and* DUI, the trial court did not err in admitting evidence of the defendant's driving record to show that his license was suspended, even though the record revealed that the defendant had *nine* prior convictions, including two DUI convictions). *Cf. Keller v. State*, 247 Ga. App. 599, 601-02 (2) (544 SE2d 511) (2001) (reversing a conviction for driving with a suspended license because while an individual is deemed to receive notice of his license suspension by operation of law upon a conviction for DUI, as all such evidence showing that prior conviction was specifically *excluded* by the trial court).

We review jury charges *de novo*.[31] And in Georgia, the only requirement regarding jury charges is that they are "correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence."[32] With these guiding principles in mind, we turn now to Hines's second claim of error.

Prior to trial, the parties submitted proposed jury charges. And as to Hines's possession-of-cocaine offense, the State requested a jury charge instructing that "[t]he contents of an automobile are presumed to be those of the one who operates and is in charge of it." Then, during the charge conference after the close of evidence, Hines objected to this jury charge, arguing that it improperly shifted the burden of proof to the defense. Ultimately, the trial court overruled the objection, but modified the State's proposed charge "to take into account other principles of law concerning equal access, things of that nature." Specifically, the court instructed the jury as follows: "There is a rebuttable presumption that the contents of an automobile are in the possession of the owner who is also the operator and sole occupant of the automobile at the time, and when there is no evidence that others had access to the vehicle."

---

[31] *See Hartzler v. State*, 332 Ga. App. 674, 680 (3) (774 SE2d 738) (2015).

[32] *Id.* (punctuation omitted); *accord Williamson v. State*, 308 Ga. App. 473, 478 (2) (708 SE2d 57) (2011); *Corbin v. State*, 305 Ga. App. 768, 771 (2) (700 SE2d 868) (2010).

Nevertheless, Hines maintains that this jury charge improperly shifted the burden of proof to him, but he concedes that the statement of law set forth in the charge "is accurate in this case." And indeed, this Court has previously stated the law on possession of contents of an automobile using language identical or nearly identical to that used by the trial court in the challenged jury charge.[33] Thus, the trial court's instruction regarding possession was "not erroneous because it was a correct statement of law and would not mislead a juror of average intelligence."[34]

For all these reasons, we affirm Hines's convictions.

*Judgment affirmed. Gobeil and Hodges, JJ., concur.*

---

[33] *See Hamilton v. State*, 293 Ga. App. 297, 298 (1) (a) (666 SE2d 630) (2008) ("The owner of an automobile is presumed to be in possession and control of any contraband found in the automobile, but this presumption is rebuttable by evidence of equal access to the contraband by others."); *Davis v. State*, 272 Ga. App. 33, 33 (611 SE2d 710) (2005) ("Under Georgia law, the driver and owner of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and control of contraband found in the automobile, but this presumption is rebuttable by evidence of equal access." (punctuation omitted)).

[34] *Hartzler*, 332 Ga. App. at 680 (3); *see Williamson*, 308 Ga. App. at 479 (2) (rejecting defendant's challenge to a jury charge when it fully covered the relevant law); *Corbin*, 305 Ga. App. at 771 (2) (same).